## JACOB CABLE v. HENRY C. CABLE.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued October 29, 1891—Decided January 4, 1892.

(*a*) A formal deed conveyed lands in fee, " excepting that they, the said
parties of the first part, reserve the right and use of said lot during their
natural lives," with a covenant of general warranty " with the exception
as above stated, the right of living on and using said lot while they
live : "

1. The instrument was not merely testamentary, but a conveyance : Tur-
ner v. Scott, 51 Pa. 126, distinguished ; and the right of occupation ex-
cepted out of the grant was not inconsistent with the passage of an
interest or title to the grantees : Eckman v. Eckman, 68 Pa. 460 ; Waugh
v. Waugh, 84 Pa. 350.

2. The deed being made to one in trust for children of the grantor who
were minors, created merely a dry trust which was executed certainly
on the majority of the beneficiaries, if not before. · An ejectment, there-
fore, for the recovery of the land by a cestui que trust, was properly
brought in his own name.

3. As between the grantor and the grantees of the deed, acknowledgment
was unnecessary ; but, the deed in this case, if defectively acknowledged,
being more than thirty years old when offered in evidence, and the gran-
tor and his wife being dead, the plaintiff had made out a sufficient prima-
facie case.

Statement of Facts.

Before Paxson, C. J., Green, Clark, Williams, McCollum and Mitchell, JJ.

No. 145 October Term 1891, Sup. Ct.; court below, No. 489 March Term 1890, C. P. No. 1.

To the first Monday of February, 1890, Jacob Cable brought ejectment against Henry C. Cable and another, for a tract of about thirty-five acres in Ross township.          Issue.

At the trial, on March 2, 1891, the plaintiff proved title to a tract of land including the tract in dispute, from the Commonwealth to Henry Cable by patent dated December 6, 1828; will of Henry Cable dated August 16, 1834, duly admitted to probate, devising the tract in dispute to William Cable.          The plaintiff then offered a deed * dated February 10, 1843, between William Cable and Johanna, his wife, of the first part, " and John Brown, in trust for William and Jacob Cable, sons of the said William Cable, the grantor, of the second part," conveying the tract in dispute, " to have and to hold the said described lot, (excepting that they, the said parties of the first part, reserve the right and use of said lot during their natural lives), hereditaments and premises hereby granted, or mentioned, or intended so to be, with the appurtenances, unto the said party of the second part, in trust as aforesaid, their heirs and assigns, to and for the only proper use, benefit and behoof of them, the said party of the second part in trust as aforesaid, their heirs and assigns forever; (Provided, that the said William and Jacob Cable, as aforesaid, shall pay to their sister Susannah the sum of one hundred dollars when she arrives at the age of twenty-one years.)          And the said party of the first part doth (with the exception as above stated, the right of living on and using said lot while they live,) covenant, promise and agree" . . . . . [Here followed a covenant of general warranty.]

The deed purported to have been sealed and delivered in the presence of two witnesses; and a certificate of acknowledgment before an alderman, dated October 29, 1847, set forth that " Johanna Cable, one of the grantors within named," acknowledged the indenture to be her act and deed, etc., " and William Cable, the other grantor, not appearing, personally came before

---

* The objection 2 following indicates, perhaps, that the offer was not of the deed itself, but of the record of it.

me R. Hilands and John Morrow, two of the witnesses who were present at the execution of the within deed, who, being duly sworn according to law, do severally depose and say that the within deed was executed as therein recited by the said William Cable, in the presence of them, the said deponents. Given " . . . . .

The deed was recorded on June 18, 1852.

The offer was objected to for the reasons following:

1. That the suit is brought in the name of Jacob Cable; and by the deed offered by the plaintiff, the suit should have been brought in the name of John Brown, the trustee named in the deed, in whom the fee was vested by the deed, and in whom it still remains.

2. The deed is not executed and acknowledged as required by law; and the probate of its execution is informal and not as required by law, and does not establish the execution of the deed, nor entitle it to be put on record.

3. The plaintiff in this case has filed his claim and seeks to recover the whole of the land; while the deed offered in evidence vests no fee in the plaintiff or in his deceased brother, and no particular estate either in fee or for life; and, his brother having died, there was nothing in his title to this land that vested in him as an heir of his brother, the brother taking no title under this deed.

4. The plaintiff, if at all entitled to recover, even under the terms of this instrument which is called a deed, is not entitled to recover more than the possession of the one undivided half of the tract of land in controversy.

5. That the deed itself reserves a life-estate in the grantor and afterward gives the fee to Brown, trustee; and is nothing but a devise, and not a deed executed in the contemplation of the law; therefore, a revocable instrument.

6. That the deed offered in evidence shows upon its face that it was never delivered, it remaining, as appears upon its face, in the hands of other parties and absent from the grantor at the time of its final execution.

By the court: Objections overruled; exception.

It was admitted that William Cable and Johanna Cable, his wife, the grantors in the deed of date February 10, 1843, and also John Brown, the trustee mentioned in the said deed, were

Arguments.

all deceased prior to the date of the suit, the said Johanna Cable having died prior to the death of her husband, William Cable, and after the death of her son, William Cable; that William Cable, the brother of the plaintiff and one of the grantees in the deed above mentioned, died on the seventh day of May, 1859, and that the daughter, the legatee mentioned, was also long since deceased, having died at the age of eleven years; the said William Cable, the co-grantee with the plaintiff, having died intestate, unmarried and without issue; also that William Cable, the grantor in the deed of February 10, 1843, remained in possession of the premises until the date of his death in November, 1889.

The plaintiff, having proved, further, that he was the only surviving child of William Cable, the grantor in the foregoing deed, and that defendant was in possession of the land in dispute, rested.

Thereupon, on motion of defendants' counsel, the court, COLLIER, J., entered a judgment of nonsuit, with leave, etc. A motion by the plaintiff that the judgment of nonsuit be taken off having been argued before the court in banc, the motion was refused; exception. Thereupon, the plaintiff took this appeal, assigning the order refusing the plaintiff's motion, for error.

*Mr. George D. Riddle* (with him *Mr. J. D. Watson*), for the appellant.

As to the effect to be given to plaintiff's case, counsel cited: Miller v. Bealer, 100 Pa. 585; McGrann v. Railroad Co., 111 Pa. 171. That the trust created was passive: Carson v. Fuhs, 131 Pa. 256. As to acknowledgment: Devlin on Deeds, § 465; §§ 2, 3, act of May 28, 1715, 1 Sm. L. 94; Cover v. Manaway, 115 Pa. 338; Hornbeck v. B. & L. Ass'n, 88 Pa. 64. As to delivery: Rigler v. Cloud, 14 Pa. 361; Kifle v. Ege, 79 Pa. 15.

*Mr. D. D. Bruce* (with him *Mr. Geo. H. Quaill* and *Mr. Shields*), for the appellees.

That the acknowledgment was defective, in that it did not show that the grantor signed the deed, and that the grantor was dead and could not appear, counsel cited: § 1, act of March 21, 1772, 1 Sm. L. 389; § 3, act of May 28, 1715, 1 Sm.

Opinion of the Court.

L. 94. That the said paper purporting to be a deed was not a deed, but in law a will, and therefore revocable: Turner v. Scott, 51 Pa. 126; Frederick's App., 52 Pa. 338; Wilson v. Van Leer, 103 Pa. 600; Rife's App., 110 Pa. 232; Ritter's App., 59 Pa. 9; Eckman v. Eckman, 68 Pa. 460; Waugh v. Waugh, 84 Pa. 350.

OPINION, MR. JUSTICE MITCHELL:

The instrument under which plaintiff claimed title was not merely testamentary, but a conveyance, in substance as it was in form. It is clearly distinguishable from the paper in Turner v. Scott, 51 Pa. 126, by the provision in the latter, "this conveyance in no way to take effect till after death," and the like limitation in the habendum. The deed in the present case was a formal conveyance in fee, "excepting (in the habendum) that they, the said parties of the first part, reserve the right and use of said lot during their natural lives;" and the covenant of warranty is, "with the exception as above stated, the right of living on and using said lot while they live." The right of occupation thus excepted out of the grant is not inconsistent with the passage to the grantee of an interest or title, and the deed may thus be supported upon the principles laid down by SHARSWOOD, J., in Eckman v. Eckman, 68 Pa. 460, 470, and in Waugh v. Waugh, 84 Pa. 350. No question of revocability, as in Frederick's App., 52 Pa. 338, arises in the present state of the record.

The deed imposed no active duties of any kind on the trustee, and created merely a dry trust, which was executed certainly on the majority of the cestui que trust, if not before. Suit, therefore, was properly brought by him in his own name.

The question of the validity of the acknowledgment is premature. The deed was made in 1843, and was more than thirty years old when offered in evidence. It was therefore an ancient deed, and probably entitled to the presumption of due execution; though what circumstances will obviate the necessity of concurrent possession of the land may be regarded as not entirely settled: McReynolds v. Longenberger, 57 Pa. 13, 31. But aside from this, acknowledgment as between the parties was unnecessary. The deed takes effect from delivery, and possession by the grantee is, in the absence of suspicious

circumstances, prima-facie evidence of delivery : 2 Greenl. Ev., § 297.

The plaintiff, therefore, had made out a prima-facie title sufficient to go to the jury. Whether defendants are, or claim under subsequent bona-fide purchasers, and if so, whether plaintiff's title is good against them, are questions that have not yet arisen in the case.

Judgment reversed, and venire de novo awarded.