Richard Knowlson et ux., Appellants, *v.* Elizabeth A. Fleming.

*Deed—Voluntary conveyance—Parent and child—Will.*

On a bill in equity to set aside a voluntary deed made by a father to a daughter, a decree will be entered dismissing the bill, where the evidence shows that the deed was made to secure a reasonable provision for the daughter, and to equalize her share with that of other children previously provided for, that the deed was prepared at the grantor's special request

by eminent counsel, and that the grantor was mentally capable of transacting business, and that no undue influence was exerted upon him to procure the execution of the deed.

Where a father executes a voluntary deed to a daughter, and reserves to himself " the full interest and estate " in the property for his life, and to his wife if she survives him an undivided one half of the property for her life, the conveyance takes effect as a deed and not as a will, and the reservations in it are entirely consistent with a presently passing estate in fee simple in the grantee.

Argued Oct. 30, 1894.   Appeal, No. 190, Oct. T., 1894, by plaintiffs, from decree of C. P. No. 2, Allegheny Co., July T., 1892, No. 385, dismissing bill in equity.   Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Bill in equity to cancel deed.

The case was referred to James S. Young, Esq., as master. The facts appear by the following opinion of the court below :

" The exceptions to the master's report filed on part of complainants are to the findings of facts.   On a review of the evidence we are of the opinion that the master has correctly found the facts against the contention of the complainants.   Adopting his findings, we then have the case of a man fully understanding what he was doing, and without any undue influence, fraud or coercion, and comprehending the effect of his act, and intending to equalize his daughters with his sons as to what he had heretofore given them, had the land surveyed and a plot made, and sent written instructions to his attorney as to what he wanted done, and, having the papers prepared and fully explained to him, deliberately executed the paper in question and delivered it to his daughter, the donee, for recording, and it was recorded.

" The only reason we see to doubt that the letter sent to A. M. Brown, Esq., is not wholly the production of Mr. Knowlson, without dictation by any one, is that it expresses so clearly and unambiguously what he wished to do.   It indicates a man with accurate knowledge of the business he wishes to transact. We are well satisfied that it was written, signed and sent by him.   The letter of instructions is as follows : . . . . 'I made deeds to my sons for their shares of my property; I want you to make a deed from Richard Knowlson and Harriet F. Knowlson, my wife, to my daughter, Elizabeth A. Fleming, for her

share of my property.  I want you to write an agreement with my daughter that I have the property as long as I live, and at my death my wife and daughter to have the use of the property equally between them, and at my wife's death all to belong to my daughter.  I want you to fix my personal property that at my death it will belong equally to my wife and daughter.'

" The writer knew what he intended as to the land in question.  It was a deed to his daughter,—a deed in fee, but with an agreement on part of the daughter that the father should have a life interest in it, etc., and as to the personal property, it was a will.  Had the direction of the letter been literally complied with, the deed would have been absolute on its face, and Mrs. Fleming would have executed an agreement as to the conditions.  The attorney, intending to carry out the instructions, embodied the conditions in the deed instead of in a separate paper, and prepared a will as to the personalty.

" The intentions of the letter and of the deed were to vest a present title in the grantee.  Has that been done?  The master is of the opinion that under the rules of interpretation laid down in Turner v. Scott, 51 Pa. 126, it has not been done; that the interest does not vest until after the death of Mr. Knowlson.

" The principle or rule laid down in Turner v. Scott is that, regardless of the form of an instrument, 'a disposition of property to take effect after the death of the grantor, if it vests no present interest, but only directs what is to be done after the death of the maker, is a will and not a deed.  A disposition to take effect after death is a will.'  With this rule we have no contention.  Although Turner v. Scott has been cited as a leading case ever since the decision was made, my impression is that the case itself,—not the principle—was never entirely satisfactory, even to the Supreme Court or to the profession. AGNEW, J., dissented.  The dissatisfaction was and is with the interpretation of the meaning of the paper.  Its interpretation was put by Judge WOODWARD at the time, principally, and in succeeding cases it has been put wholly, on the potency of the words contained in the grant, after reserving a life estate. ' And this conveyance in no way to take effect until after the decease of the said John Scott, the grantor,' and in the haben-

dum 'to have and to hold the premises after the decease of the said John Scott.' See Eckman v. Eckman, 68 Pa. 460; Waugh v. Waugh, 84 Pa. 350; Driesbach v. Serfass, 126 Pa. 32; Cable v. Cable, 146 Pa. 451. In the court below these words were construed in connection with the whole instrument; in the Supreme Court as though they stood alone. In numerous subsequent cases in which all the other parts of the instrument are substantially identical with that in Turner v. Scott, except the words above quoted, the instrument has been decided to be a deed. The master is of the opinion that the present case is stronger than Turner v. Scott on the same side. We do not so consider it.

"In our case the words held in Turner v. Scott to be the controlling words are entirely wanting. The habendum has no qualification of the absolute grant contained in the body of the deed. The deed is a conveyance in fee simple, absolute on its face and taking immediate effect, were it not for this condition or reservation, to wit: 'But it is expressly understood that the above described conveyances are made subject to the following terms, conditions and reservations, to wit: First. The aforesaid Richard Knowlson reserves to his own use and enjoyment the full interest and estate in the above described properties, the rents, issues and profits thereof for and during the term of his natural life. Second. Should Harriet Foster Knowlson, wife of Richard Knowlson aforesaid, one of the parties of the first part thereto, survive the said Richard Knowlson, then at his death she shall have for her own use the full right, title and estate in the undivided one half of the whole of the above described properties or one half of the rents, issues and profits thereof for and during her natural life.'

"This may be considered a reservation of a life estate in the grantor. But is it a declaration that the interest granted to the daughter is not to vest until the death of the grantor? We think it is not, but that it is a present grant of the estate —a vested interest in the grantee. The words 'the full interest and estate in the above described properties' seem to us to be merely intended to be, and are in fact and law the same as 'the rents, issues and profits thereof,' and each is for the life of the grantor—each or both together mean but a life estate. This is further evident from the clause, reserving a life estate for

his wife—where 'right, title, interest and estate,' is made the equivalent of 'rents, issues and profits thereof.' The intention to presently vest a fee in the grantee, subject to the rights for life of the grantor, seems to us very evident from the words of the deed.

"In Turner v. Scott it seems to be doubted—though not decided—whether or not a remainder could be granted with a reservation of a life estate in the grantor in the same instrument. It could not be done at common law.

"In Waugh v. Waugh, 84 Pa. 350, the deed provided that possession was to be delivered at the death of the grantor, etc. This was held to be a reservation of a life estate in the land, but the grant was held to be irrevocable—not a will but a deed —and was sustained as such. WOODWARD, J. (the younger), says: 'The provision in the deed for the retention of possession, by Mr. Waugh, was an exception from the body of the estate conveyed, and not a reservation of a newly created right of which it is to be the source.'

"In Eckman v. Eckman, 68 Pa. 460, SHARSWOOD, J., says: 'It is one of the best established principles, for which no reference to authorities is necessary, that a deed shall always be so construed as to give it effect *ut res magis valeat quam pereat.* If it cannot be treated as a deed of bargain and sale because there was in fact no pecuniary consideration, yet if the consideration of blood did exist, it shall be supported as a covenant to stand seized. *Quacunque via data,* therefore this deed was good, and conceding that the reservation to the grantor of the rents and profits arising out of the premises was a life estate in the land itself, the remainder to the grantees was not a freehold commencing in futuro, but a future springing use, taking effect under the statute of uses. We may say here that in Pennsylvania a recorded deed will be construed as having the effect of a feoffment with livery of seizin, or as a deed under the statute of uses, as will best accomplish the intention and design of the parties: Act of May 28, 1715, sect. 5, 1 Smith's L. 95.'

"There is no doubt that this is a correct statement of the law of Pennsylvania. The portion of the opinion quoted is so applicable to the facts of this case that it might have been written for it, and it seems to us to conclusively rule our case in favor of the defendant.

" The grantor, fully understanding his purpose to vest title in his daughter, for the consideration of love and natural affection, executed and delivered a deed to her for the land in question (and it was recorded) intending to and in words vesting in her a fee in the land, but on a ' condition,' reservation or exception, that he should have a life estate therein. We are of the opinion that it was a valid deed, irrevocable, and not a will, revocable.

" And now, Sept. 23, 1893, after argument and upon consideration, the exceptions filed to the master's report on part of the complainants are dismissed, and as to findings of fact the master's report is approved and adopted. The exceptions filed on part of defendant are sustained."

The bill was dismissed with costs on plaintiffs.

*Errors assigned* were (1) dismissal of plaintiff's exceptions; (2) in adopting the master's findings of fact; (3) in sustaining defendant's exceptions; (4) in not making the decree prayed for; (5) entry of decree; quoting exceptions and decree.

*Joseph Hays, John D. Shafer* with him, for appellants, cited: Story's Eq. Jurisp., §§ 308, 309b; Willard's Eq. 178; Whelan v. Whelan, 3 Cowen, 537; Pomeroy's Eq. Jurisp. § 956; Bisph. Eq. § 235; Wait's Fraud. Conv. § 475; Rickett's Ap., 45 Leg. Int. 135; Darlington's Ap., 86 Pa. 518; Smith v. Loafman, 145 Pa. 628; Darlington's Est., 147 Pa. 624; Miskey's Ap., 107 Pa. 611; Worrall's Ap., 110 Pa. 349.

*A. M. Brown* for appellee, cited: Turner v. Scott, 51 Pa. 126; Book v. Book, 104 Pa. 240; Dreisbach v. Serfass, 126 Pa. 32; Cable v. Cable, 146 Pa. 451; Eckman v. Eckman, 68 Pa. 460; Waugh v. Waugh, 84 Pa. 350.

PER CURIAM, Nov. 12, 1894:

The facts of this case are so very similar to the facts in the case of Simon v. Simon, reported in 163 Pa., p. 292, Advance Rep. Oct. 19, 1894, p. 292, that we regard the opinion filed in that case as controlling the decision of this. Here as there the master found upon abundant testimony that there was no mental unsoundness of the grantor, and no undue influence was

exerted to procure the execution of the deed.  Here also the
conveyance was prepared by eminent counsel at the instance
of the grantor.   Here, as in the case cited, the deed was made
by parents to a daughter who was entirely competent to re-
ceive and hold it, without any necessity of showing by proof
that it was fair and conscionable, as in the case of a voluntary
conveyance to a stranger.   No confidential relation was vio-
lated in either case, and in both the property conveyed was a
reasonable provision for a dependent daughter.   We do not
discern, in the facts of this case, the presence of any of the
elements which are essential to the exercise of the power to
set aside voluntary conveyances.

As to the contention that the deed of conveyance was a will,
it is entirely untenable.   It has all the elements of a deed and
none of a will.   The grantors carefully reserved an estate for
the life of the father in the whole of the property and for the
life of the mother if she survived, in an undivided one half of
the property.   This was the whole effect of the reservations
and they were entirely consistent with a presently passing es-
tate in fee simple in the grantee.   We agree entirely with the
learned court below in their views upon this subject and in the
ultimate conclusion reached.   The assignments of error are all
dismissed.

The decree of the court below is affirmed and the appeal is
dismissed at the cost of the appellants.