## Anspach, Appellant, *v.* Lightner.

*Deed—Will—Consideration—Life estate.*

Where a writing is a formal conveyance of real estate in fee reserving the property to the grantor "as long as she lived," but with no reservation in the habendum, and extraneous evidence shows that the object of the grantor was to compensate the grantee for services rendered or to be rendered to her, and that she understood what the effect of the delivery of the instrument would be, and that she directed the scrivener to keep possession of the paper, the paper will be construed to be a deed, and not a will.

Argued Nov. 13, 1905. Appeal, No. 34, Oct. T., 1905, by plaintiffs, from decree of O. C. Berks Co., on appeal from register of wills, reversing the action of the register in refusing to admit a will to probate in estate of Elemina Schlaseman, deceased. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Appeal from register of wills. Before BLAND, P. J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was decree reversing the register.

*John M. Frame*, with him *D. Nicholas Schaeffer* and *Chas. K. Derr*, for appellant.—If the instrument possesses all the elements of a contract the fact that the time of performance is fixed at the testator's death, or a given time thereafter, does not make it a will: Page on Wills, page 55, edition 1901;

Beatty v. College, 177 Ill. 280 ; Hegeman v. Moon, 131 N. Y. 462 ; Wolfe v. Wilsey, 2 Ind. App. 549 ; Krell v. Codman, 154 Mass. 454.

This distinction has been made in many cases, among which are the following, which hold that a conveyance of property subject to the reservation of a life estate is a deed passing a present interest : Book v. Book, 104 Pa. 240 ; Cable v. Cable, 146 Pa. 451 ; Knowlson v. Fleming, 165 Pa. 12.

*William Rick,* with him *Henry P. Keiser,* for appellee.—Instruments conforming to and described as deeds, indentures, articles of agreement, letters of attorney, have been established through extrinsic evidence as wills, and as such admitted to probate : Kisecker's Estate, Harter's Appeal, 190 Pa. 476, 478.

A deed which in terms was not to be operative until after the testator's death has been held to be testamentary : Turner v. Scott, 51 Pa. 126.

The form of the instrument is immaterial if its substance is testamentary.　Whether the writing is a will or not does not depend upon the maker's declaring it to be a will at the time he executed it, but upon its contents : Turner v. Scott et al., 51 Pa. 126–134 ; Patterson v. English, 71 Pa. 454 ; Frew v. Clarke, 80 Pa. 170 ; Rife's Appeal, 110 Pa. 232 ; Brown v. Mattocks, 103 Pa. 16 ; Kisecker's Estate, 190 Pa. 476 ; Diehl's Estate, 11 Pa. Superior Ct. 295 ; Coulter v. Shelmadine, 204 Pa. 120.

The disputed instrument has the fundamental essentials of a will : Mack and Person's Appeal, 68 Pa. 231 ; Frederick's Appeal, 52 Pa. 338.

OPINION BY PORTER, J., June 30, 1906 :

The instrument which the orphans' court decreed to be a will was not merely testamentary, but a conveyance, in substance as it was in form.　The consideration was stated to be the sum of $5.00, " to her in hand paid by the said Frank Lightner, the receipt whereof is hereby acknowledged, and also of the natural love and affection which she, the said Elemina Schlaseman, widow as aforesaid, hath and beareth unto the said Frank Lightner, her next best friend, and also for the better maintenance, support and livelihood of him, the said

Frank Lightner, her next best friend." The deed was a formal conveyance in fee of two tracts of land, and while there were injected into the granting clause certain covenants and provisions with regard to the personal property of the grantor, the only exception, reservation or condition as to the land was in those words, " the said property as aforesaid, to be and remain the property of the said Elemina Schlaseman, as long as she lived," which appeared in the granting clause. The habendum and the covenant of warranty are absolutely without exception, reservation or limitation. The life estate thus excepted out of the grant is not inconsistent with the passage to the grantee of an interest or title, and the deed may thus be supported upon the principles laid down by SHARSWOOD, J., in Eckman v. Eckman, 68 Pa. 460. This instrument would, the moment it was delivered, have vested in the grantee an estate in the land, to be enjoyed after the death of the grantor; it was, therefore, a deed and not a testamentary paper: Eckman v. Eckman, supra; Waugh's Executors v. Waugh, 84 Pa. 350; Book v. Book, 104 Pa. 240; Dreisbach v. Serfass, 126 Pa. 32; Cable v. Cable, 146 Pa. 451; Knowlson v. Fleming, 165 Pa. 12. These authorities rule the present case, which is clearly distinguishable from Turner v. Scott, 51 Pa. 126, in which the instrument passed upon contained this provision, " this conveyance is in no way to take effect till after death," and the like limitation in the habendum.

The extrinsic evidence is only confirmatory of this conclusion. The justice of the peace who wrote the instrument testified that when Mrs. Schlaseman came to his office for the purpose of having the paper drawn he asked her if she wanted to have a will made and " she answered that she didn't want to have a will made, that she wanted to have a paper more binding than a will; and then I asked her that in such a case she would have to—a consideration should be made, or stipulated in the paper; and she remarked then that Mr. Lightner was going to purchase this property from her for $5.00; but this paper should stipulate that the property in the meantime should remain in her possession until her death, and why she was going to make this paper, so as to compensate Mr. Lightner for the services that he rendered her or was to render her during her lifetime or as long as she lived." The pecuniary

218, (1906).]                    Opinion of the Court.

consideration named in the deed, $5.00, was actually paid at the time. The justice of the peace further testified, "After the paper was executed and signed, she told me, now, you keep this paper in your possession until I call for it, and give it to no one, no difference who applies for it, give it to no one, not to Mr. Lightner, he was present, give it to no one, not even to Mr. Lightner, so that if I want to make any changes I can." This clearly indicated that the decedent knew that if she delivered that paper to Lightner her power to change it would be at an end. The fact that the decedent retained control of the paper and postponed its delivery does not justify the inference that she intended that it should take effect as a will. One of her reasons for executing the conveyance was to compensate Lightner for services which he was to render in the future, during her lifetime as long as she lived ; it was natural for her to hesitate before delivering a deed which would have vested in Lightner an estate in remainder in all the property until satisfied that it would be prudent to do so. The testimony clearly established that the decedent understood that if the instrument in question was delivered it would be something, in her language to the scrivener, "more binding than a will." Lightner also understood that the paper was not a will, for it is an undisputed fact that he declared, after the death of Mrs. Schlaseman, that he had bought all the property.

The decree of the orphans' court admitting to probate the writing dated June 8, 1898, is reversed.