Knoll, Executrix, Appellant, *v.* Hart, Executrix.

224

Argued February 2, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Aaron Goldsmith,* with him *George F. Coffin, Jr.,* for appellant.—The writing in controversy was a deed: Waugh v. Waugh, 84 Pa. 350; Eckman v. Eckman, 68 Pa. 460; Book v. Book, 104 Pa. 240; Dreisbach v. Serfass, 126 Pa. 38; Cable v. Cable, 146 Pa. 451; Knowlson v. Fleming, 165 Pa. 10; Muntz v. Whitcomb, 40 Pa. Superior Ct. 553; Anspach v. Lightner, 31 Pa. Superior Ct. 218.

A deed executed and delivered is sufficient to pass title between the parties, although not acknowledged: Maguire v. Realty Co., 257 Pa. 48; Cable v. Cable, 146 Pa. 451; Jordan v. Stewart, 23 Pa. 244; Fellbush v. Fellbush, 216 Pa. 143; O'Connor's Est., 273 Pa. 391, 394.

*David B. Skillman,* for appellee.—Appellee took the position in the court below that this case was ruled by, Turner v. Scott, 51 Pa. 126. With this theory the court below entirely and emphatically agreed.

Assuming therefore that only personal property would have passed under the document, the withholding of possession until after the death of the grantor strengthens the conclusion that the instrument is a will.

The words "grant and convey" are necessary for conveyance of realty: Act of April 1, 1909, P. L. 91.

OPINION BY MR. JUSTICE KEPHART, March 24, 1932:

Edward Hart established a successful publishing house in Easton, Pennsylvania. Wishing to reward Edmund Knoll, who was in his employ, for his faithful service, he delivered to Knoll an instrument reciting that the two had established a successful business, and that since Hart recognized the value of Knoll's services and was desirous of compensating him, that he, Hart, thereby sold, assigned, and transferred to Knoll, his heirs and assigns, a one-third interest in the property,

etc., belonging to him [Hart] trading as the Chemical Publishing Company, "the actual possession by Edmund E. Knoll of said one-third interest to become effective at and immediately upon my decease." "I do further bind my heirs, executor or administrator......to make, execute and deliver......such......instrument in writing as may be deemed essential or necessary to fully vest the possession......in said Edmund E. Knoll."

Knoll died November 10, 1930, and Hart died June 6, 1931, leaving his entire estate to his wife by a will of December 5, 1930. Thereupon, Knoll's wife, as executrix and sole legatee, brought a bill for possession of the property under the above mentioned instrument. The court below held the instrument was testamentary and was revoked by the subsequent will.

In Frew v. Clarke, 80 Pa. 170, Justice Mercur discussed what constituted a will, setting forth some of its features as follows: "A will is defined to be the legal declaration of a man's intentions, which he wills to be performed after his death: 2 Black Com. 500; Bouv. Law Dic.; 1 Jarman on Wills 11. An instrument in any form, whether a deed-poll or indenture, if the obvious purpose is not to take place till after the death of the person making it, shall operate as a will: Habergham v. Vincent, 2 Ves. Jr. 204. ...... Whatever be the form of the instrument, if it vests no present interest, but only directs what is to be done after the death of the maker, it is testamentary: Turner et al. v. Scott, 51 Pa. 126. The essence of the definition is, that it is a disposition to take effect after death: Redfield on Wills, 5; Turner v. Scott, supra. Nor does it matter that the person intended to make a note instead of a will. If he used language which the law holds to be testamentary, his intention is to be gathered from the legal import of the words he employed: Ibid. No form of words is necessary to make a valid will. The form of the instrument is immaterial if its substance is testamentary:

Patterson v. English, 71 Pa. 458; see also Rose v. Quick, 30 Pa. 225; Frederick's App., 52 Pa. 338."

In judicial construction one of the principal tests as to whether a document is a will or a conveyance inter vivos is: Was an estate granted and when did the maker intend that the instrument creating it should be effective? If the maker intended the paper to be effective at death it is a will. Thus in Turner v. Scott, supra, the leading case on the subject, the writing, in form a deed, stated "this conveyance in no way to take effect until after the decease of the said John Scott the grantor." Though the instrument spoke in terms of a conveyance, we held that the declared purpose of the maker was that the paper was not to be effective until his death, thus causing it to be testamentary. See also Fellbush v. Fellbush, 216 Pa. 141; Losch's Est., 264 Pa. 58, and many other cases of like import.

When, however, the instrument creates and vests a present interest, but postpones the enjoyment of the estate granted until the end of one or more life estates which are excepted and reserved therefrom, the instrument has been construed as a conveyance inter vivos or deed, and not a will. Thus in Eckman v. Eckman, 68 Pa. 460, a deed in the usual form contained this reservation: "the said Daniel Eckman reserves the rents...... during his natural life or lifetime." This instrument was held to be a deed. Substantially the same words are used in Cable v. Cable, 146 Pa. 451; Knowlson v. Fleming, 165 Pa. 10. See Anspach v. Lightner, 31 Pa. Superior Ct. 218, and Muntz v. Whitcomb, 40 Pa. Superior Ct. 553. In Waugh v. Waugh, 84 Pa. 350: "S., for a recited consideration, in a formal deed, which was duly acknowledged and recorded, conveyed a certain property to the children of his deceased brother. In the fullest possible form every interest in the property was transferred except that defined by the words 'possession of all of said premises to be given at the death of said W.,' W., until his death, lived on the premises with his

tenant, who shared with him the crops. ...... Free from the limitation imposed by the provision that possession should be withheld, the deed would have carried to the grantees the entire property in all its existing conditions, and the growing crops and rents that had accrued would have passed as appurtenances of the land. ...... The provision for the retention of possession was an exception from the body of the estate conveyed and not the reservation of a newly-created right of which it was to be the source." But as stated by Mr. Justice SIMPSON in Joyce's Est., 273 Pa. 404: "Rules of construction have very little weight in the case of wills, and 'precedents ought never to be allowed an unbending control of any case not precisely analogous or even strictly identical.' "

In determining whether an instrument is a conveyance inter vivos or a will, not only the form of the instrument may be material, but the entire document in all its parts must be considered so as to construe the instrument in accordance with the true intent and purpose of the maker. We quote with approval that part of President Judge STEWART'S opinion as to the intent of the maker of the document in this case: "......Our attention is first directed to its commencement, 'To Whom These Presents May Come, I Edward Hart, of the City of Easton, Pennsylvania, Send Greeting:' is, to say the least, unusual in a deed. The paper then goes on and recites the fact that they had been in business together, and that Mr. Knoll had given his services to the business. Then in consideration of those services, and of the sum of $1.00, Hart sells, assigns and transfers to Knoll an undivided one-third interest in what? The plaintiff claims that it is in both the real and personal property of the Chemical Publishing Company, while the defendant contends that even if it were a deed, it could not refer to the real estate because it is not described. The operative words of the paper are not 'grant and convey,' such as are prescribed in the Act of

April 1, 1909, P. L. 91. While the paper would not be void because it was not acknowledged, it is a significant fact that it was not acknowledged. The paper is not a deed. The words, 'the actual possession by Edmund E. Knoll of said one-third interest to become effective at and immediately upon my decease,' show that it is a will, and the words, 'I do further bind my heirs,' etc., show that just as in Losch's Est., supra, it was Hart's executrix who was expected to deliver the possession. 'The actual possession' was never given, and it was not intended to be given until after Hart's death, nor was there any 'right of possession' given. Both of these matters were to be attended to by Hart's executrix."

It will be noted in all the cases referred to by appellant, "possession" fell instantly into the previously granted estate at death of the life tenant, in other words, there was such an estate in the grantees named as drew possession to it without the intervention of any representative of the estate. In the case before us, it was clearly the intent of the maker that possession should not pass until death and then only through his representative. It was also his intention that the instrument should not become operative until after his death.

We have not considered the effect of the paper as a gift, for if permitted as a conveyance the form here given would furnish an easy method to avoid inheritance taxes. Attention is called to Allshouse's Est., 304 Pa. 481, where a similar instrument was discussed, and as the property here involved is personalty, the rule there stated is peculiarly applicable.

Decree affirmed.