[No. 26707. Department Two. December 13, 1937.]

LAURA B. JUSSILA, *Appellant*, v. FRED YEACKEL *et al.*, *Respondents.*[1]

[1]Reported in 74 P. (2d) 224.

*Charles F. Bolin* and *Arthur Kirschenmann,* for appellant.

*McEwen & Brooks,* for respondents.

BLAKE, J.—Plaintiff brought this action to recover $357, alleged to be the reasonable value of summer-fallowing done by her in the spring of 1935 on the following described land:   East half of the southeast quarter and the east half of the west half of southeast quarter of section 3, township 3 north, range 15, E. W. M.   The facts out of which the claim arose are as follows:

In January, 1928, William E. Jussila, who then held the legal title to the property, mortgaged it to the defendant Fred Yeackel.  The mortgage was duly recorded January 16, 1928.   In 1932, William E. Jussila conveyed the property to plaintiff.

In 1934, Yeackel brought an action to foreclose the mortgage, making Laura B. Jussila (plaintiff herein) and William E. Jussila parties defendant.   The latter defaulted.   Laura B. Jussila appeared and joined issue. After taking evidence, the court entered judgment of foreclosure, from which no appeal was taken.   The property was sold under execution July 28, 1934; Yeackel bidding it in for the amount of his judgment. On the same day, the sheriff issued a certificate of sale to Yeackel.   Laura B. Jussila remained in possession of the property during the year of redemption, but did not redeem.   Sheriff's deed was delivered to Yeackel July 29, 1935.

During the period of redemption, Laura B. Jussila did the summer-fallowing on the property, for the rea-

sonable value of which she brings this action. Answering the complaint, defendants Yeackel set out the facts relating to the foreclosure action and counterclaimed for $148, the amount of taxes and interest on the sale price accruing during the period of redemption, for which they claimed a lien on the crops grown on the place and severed by plaintiff at or about the time the sheriff's deed was issued.

The court entered judgment dismissing plaintiff's complaint, and awarded defendants Yeackel judgment on their counterclaim. Plaintiff appeals.

Appellant first takes the position that the mortgage from William E. Jussila to Yeackel was void, and consequently the latter acquired no interest or title to the land through the foreclosure proceedings. As we understand it, this position is based upon the contention that William E. Jussila did not have an interest in the land which could be the subject of mortgage. This contention is predicated upon the terms of the deed by which William E. Jussila acquired title to the property. Prior to 1922, his father and mother were the owners of this and other contiguous land which was operated as one farm. In that year, they deeded various parcels to their several children. The parcel here in controversy they conveyed to William E. Jussila,

". . . his heirs and assigns, . . . subject however, to a life estate in and the use, rents and profits from said above described lands, reserved to the grantors during their natural lives, and upon the death of either, the life estate to continue to the survivor for his or her community half only."

The father and mother were living at the time the mortgage was executed, but not at the time the foreclosure suit was commenced.

As we understand it, appellant's argument is that the effect of the reservation in the deed was to give

William E. Jussila a mere expectancy in the property during the lifetime of his father and mother. None of the authorities which have been brought to our attention supports this position. On the contrary, the authorities seem to be unanimous that the vendee under such reservation in a deed acquires an interest in the land that may be subjected to mortgage. Restatement of the Law of Property, §§ 159, 162; 1 Jones on Mortgages (8th ed.), § 190; *Knowlson v. Fleming,* 165 Pa. St. 10, 30 Atl. 519; *Tough v. Netsch,* 83 N. H. 374, 142 Atl. 702; *National Builders Bank of Chicago v. Frerk,* 7 N. E. (2d) (Ill. App.) 636.

▮ The life estates having terminated by the death of the grantors, Yeackel therefore acquired title to the land through the foreclosure proceedings and was not liable for summer-fallowing done by appellant during the period of redemption. Appellant, of course, was entitled, under Rem. Rev. Stat., § 602 [P. C. § 7917], to retain possession during the period of redemption. But the purchaser at the execution sale (Yeackel) was entitled, by the terms of the same section, to a

" . . . lien upon the crops raised or harvested thereon during the period of such possession for interest on the purchase price . . . and for any taxes with interest: . . ."

▮ There is no question but that the crops, on account of which respondents were awarded judgment on their counterclaim, were raised and harvested on the land described in the deed and mortgage. Appellant contends, however, that twenty acres of the land described, and upon which the crops were grown, had, through prescription, become the property of the owner of the adjacent land. Appellant held the adjacent land under lease. The argument is that the lease necessarily included the twenty acres, in view of the lessor's alleged prescriptive right. In other words, appellant

contends that she did not hold possession of the twenty acres as a judgment debtor entitled to retain possession of farm land under Rem. Rev. Stat., § 602, but as lessee of the owner of the adjacent land; that therefore respondent was not entitled to a lien on the crops grown thereon. We think the evidence falls far short of establishing any prescriptive rights against Yeackel or his predecessors in interest; but, in any event, as between him and appellant, all rights in the land described in the mortgage were adjudicated in the foreclosure proceedings.

Finally, appellant seeks to recover for the summer-fallowing on the theory of an estoppel. William E. Jussila executed a mortgage to his brother Albert Jussila prior to the Yeackel mortgage. For some reason not appearing in the record, Albert has never asserted any rights under his mortgage. Appellant alleged that, prior to summer-fallowing the land in the spring of 1935, Albert entered into an agreement with appellant's sister, whereby the latter was to acquire Albert's mortgage and foreclose it, and lease the land to appellant; that Yeackel had knowledge of such agreement; that, but for her belief that such an arrangement had been made and would be carried out, appellant would not have summer-fallowed the land.

Conceding that the facts alleged would work an estoppel against Yeackel, it is admitted that no such agreement was made by Albert and appellant's sister. Nor is there evidence of facts upon which appellant had any reasonable ground to believe that any such agreement had been made.

Judgment affirmed.

STEINERT, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.