Hess et al., Appellants, *v.* Jones.

Argued May 15, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Chas. W. Eaby,* for appellants.

*Paul A. Mueller,* of *Windolph & Mueller,* for appellees.

OPINION BY MR. JUSTICE BARNES, July 3, 1939:

The plaintiffs, as heirs at law of Christian Binkley, who died intestate on June 14, 1938, brought this action of ejectment for possession of certain premises known as No. 27 West Stiegel Street, in the Borough of Manheim, Lancaster County, formerly owned by the decedent. Defendants, husband and wife, claim title thereto by virtue of a written agreement executed and delivered to them by Christian Binkley on November 6, 1936, and recorded subsequently to his death. On the day following the execution of this instrument, Binkley delivered possession of the premises to the defendants, whose occupancy has been continuous since that time. It is conceded that defendants have faithfully performed the terms of the agreement.

The case was tried by the court below without a jury and judgment was entered in favor of the defendants, who were held to be the owners of the property in fee simple. From the dismissal of exceptions thereto, and the entry of final judgment, the plaintiffs have appealed.

The only issue before us is the proper construction to be placed upon the agreement, which was drawn by the wife defendant. The plaintiffs maintain that

the interest acquired by the defendants thereunder rises no higher than an estate for life, whereas the defendants insist that it is an absolute conveyance. The difficulty arises from the inept wording of the instrument, the pertinent parts of which are as follows:

> "Whereas Christian Binkley party of the first part does *rent* to William E. Jones and Bessie W. Jones party of the second part lot and buildings, comprising brick dwelling and garages situated at Number 27 on the south side of South Stiegel Street . . for twenty dollars per month during his lifetime.
>
> "Christian Binkley, party of the first part, agrees to do all repairs, pay taxes and insurance on said property during his lifetime.
>
> "Christian Binkley . . agrees that William E. Jones and Bessie W. Jones . . *shall remain in said premises during their lifetime or as long as they desire, or if at any time they choose to sell said property, they may do so.*
>
> "Christian Binkley . . agrees that William E. Jones and Bessie W. Jones . . *may alter or change property at any time to make it more suitable.*
>
> "William E. Jones and Bessie W. Jones . . *agree to pay Christian Binkley . . the sum of twenty dollars per month during the remainder of his life.*
>
> "*At the death of Christian Binkley . . the said property becomes the property of William E. Jones and Bessie W. Jones . . without any obligations.*"*

The plaintiffs point to the provisions for the payment of a monthly rent during the life of Binkley, and the obligations assumed by him for repairs and the payment of taxes and insurance, which, they contend, are inconsistent with an absolute conveyance. They further stress the use of the word "agreement" by the parties, rather than the terms "deed" or "conveyance" customarily employed to designate an instrument creating a fee simple estate. The omission of the words "grant and convey," and of any reference to "heirs and

---

* Italics supplied.

assigns" is also regarded by the plaintiffs as fatal to the construction urged by the defendants.

The primary object in the interpretation of any written instrument is to ascertain and effectuate the intention of the parties. Where the writing is alleged to be a conveyance, the purpose of the grantor is particularly to be sought. See *McWilliams v. Martin,* 12 S. & R. 269, 271; *Watters v. Bredin,* 70 Pa. 235, 237; *Davis v. Martin,* 8 Pa. Superior Ct. 133, 138, 139.

Although a certain degree of formality is associated with deeds of real estate, and technical expressions of established meaning are generally employed to describe the interest to be created thereby, these are not essential. They are but guideposts to assist in the search for the true intention of the parties, which must ultimately control: *McWilliams v. Martin,* supra; *Krider v. Lafferty,* 1 Whart. 303, 315. Any words manifesting an intent to convey a particular estate are sufficient: *Auman v. Auman,* 21 Pa. 343, 347; *Riggs v. New Castle,* 229 Pa. 490; Tiffany, Real Property, Section 381.

The fact, therefore, that the instrument before us is not termed a "deed" or "conveyance" is not significant. In *Riggs v. New Castle,* supra, we said (p. 492): "While the writing in question is not styled a deed or conveyance, it is clear that it is an agreement of bargain and sale founded upon a valuable and sufficient consideration, and having been recorded it had the effect of a feoffment with livery of seisin or of a deed under the statute of uses: *Eckman v. Eckman,* 68 Pa. 460. 'Although there are certain formal parts usual to deeds, yet it is not absolutely necessary that a deed should contain all of these parts, it being sufficient that the matter written should be legally and orderly set forth, by words which clearly specify the agreement and meaning of the parties and bind them. Nor is any prescribed form essential to the validity of a deed; and a deed informally drawn will convey the fee.' "

It is not necessary that the words "heirs and assigns" be used in granting a fee simple title, as the Act of April 1, 1909, P. L. 91, Section 7, dispenses with the formal requirement of words of inheritance in such conveyances. While a cursory perusal of the separate terms of this writing suggests many apparent contradictions of purpose, we are convinced, that it vested in the defendants an estate in fee simple, deferring their complete enjoyment thereof until the death of the grantor, for whose benefit a monthly rent was reserved for life.

That the agreement passed a present and irrevocable interest in the property is clear from the paragraph conferring upon the defendants the right "to remain in said premises during their lifetime or so long as they desire, or if any time they choose to sell said property they may do so." There is no merit in plaintiffs' contention that the instrument is testamentary. The reservation by the grantor of a life interest in rents is not inconsistent with the immediate conveyance of title, inter vivos, to the grantees. See *Eckman v. Eckman,* supra; *Dreisbach v. Serfass,* 126 Pa. 32; *Cable v. Cable,* 146 Pa. 451; *Knowlson v. Fleming,* 165 Pa. 10; *Anspach v. Lightner,* 31 Pa. Superior Ct. 218.

The stipulation for monthly payments to the grantor during his lifetime, is equally consistent with the creation of a fee simple estate, whether these be regarded as installments of the purchase price, or as rents reserved for the life of the grantor. Any implication of an intention to lease the premises arising from the words "does rent" is completely negatived by the absolute power given to the grantees to sell the premises. A pertinent analogy is found in *Krider v. Lafferty,* supra, where a deed reciting that "John Lentz hath *let* unto the said D. Lafferty his legal heirs and representatives, a certain piece of meadow . . . at the rate of fifteen dollars per acre, to be paid by the said D.

Lafferty or his legal heirs annually, to the said John Lentz his heirs and assigns," was held to pass the fee to the grantee, subject to an annual ground rent in fee, and not to create merely an estate for years. Similarly, the creation of an estate for life cannot be inferred, because of the provision that "the property becomes the property" of the grantees "without any obligations" upon the death of the grantor.

The right to remain upon the premises, and to make alterations, are conferred expressly, although, as the plaintiffs point out, these are ordinary incidents of absolute ownership, and need not have been specifically set forth, if it was the intention of the grantor to convey a fee simple estate. In view of the unprofessional draftsmanship of the entire instrument, however, the fact that they describe the customary powers of an owner in fee may be regarded more as corroborative of the construction which we have adopted, than in opposition thereto.

For the same reason, no special emphasis can be placed upon the grantor's agreement to pay for insurance and taxes, and to keep the property in repair, particularly since he was assured an annual income of $240 from the property for life.

In our opinion, the few isolated inconsistencies relied upon by the plaintiffs are not sufficient to overcome the manifest intention of the instrument, construed in its entirety, to convey an estate in fee simple to the defendants, subject only to the reservation of an annual charge in favor of the grantor.

Judgment affirmed.