## Murphy's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*James H. McHale*, for exceptant.
*Harry M. McCaughey*, contra.

LADNER, J., October 27, 1944.—This was an appeal from the register of wills for the purpose of having the probate opened and leave granted to prove before the register a certain paper writing, alleged to be testamentary in character though in form a deed. The hearing judge found the writing to be nontestamentary in character and dismissed the appeal. The exceptions filed charge error in so doing.

The paper writing is styled "Deed of Gift" and reads as follows:

## "DEED OF GIFT

"This deed of gift and conveyance made and entered into this 15th day of March, 1941, by and between Mrs. Jane M. Murphy, of 2124 N. Hancock Street, Philadelphia, Pennsylvania, party of the first part, and Mr. George W. Lackie, of 2740 N. 8th Street, Philadelphia, Pennsylvania, party of the second part.

"Witnesseth: That the said Mrs. Jane M. Murphy, in consideration for Mr. George W. Lackie's honesty and faithfulness in caring for my financial affairs, and for services rendered in connection therewith over a period of years, has given and does by these presents give, grant and convey to Mr. George W. Lackie, all the right, title and interest now vested in him to all these certain pieces of personal property described as follows:

"Eleven (11) $1,000.00 United States Treasury Bonds, at 3¼%, with coupons due each April 15th and October 15th, bearing numbers 158786F, 158787F, 158789F, 158790F, 158791F, 158792F, 158793F, 158794D, 126042B and 126043C. Should the aforesaid bonds be called for redemption before my demise, then eleven (11) other $1,000.00 bonds shall be substituted in lieu thereof.

"To have and to hold the same, together with any appurtenances thereto belonging, unto the said Mr. George W. Lackie, his successors and assigns forever.

"In witness whereof, the said party of the first part has hereunto set her hand and seal the day and year first above written.

(Sgd)   JANE M. MURPHY (SEAL)

WITNESS:

(Sgd) Harry J. Hankins,
Address: 5938 Augusta St.
          Philadelphia.

EXHIBIT 'B' "

By stipulation the parties in interest through their respective counsel agreed that, after the death of decedent, "the safe deposit box in her name was opened by the executors", and among the unregistered securities were found 11 $1,000 U. S. Treasury bonds, the numbers of which, but not the serial letter (except in four of them), corresponded with the numbers recited in the foregoing writing.

The law is well settled that whatever be the form of the instrument, if it vests no present interest but only directs what is to be done after the death of the maker, it is testamentary: Frew et al. v. Clarke, 80 Pa. 170. When, however, the instrument creates and vests a present interest but merely postpones the enjoyment of the estate granted until after the death of the grantor, then the instrument must be construed as a conveyance inter vivos, or a deed, and not a will: Knoll, Executrix, v. Hart, Executrix, 308 Pa. 223, 227, and cases there cited. As was well said by the late Mr. Justice Parker (when in the Superior Court), in Gibson's Estate, 128 Pa. Superior Ct. 45, 47:

"The essence of the definition of a will is that it is a disposition to take effect after death; if it vests no present interest, but only appoints what is to be done after the death of the maker, that is the test of its character."

In our opinion the learned hearing judge correctly ruled the proffered instrument to be a deed of gift intended to take effect upon delivery, for this is the plain intent of the words of the granting clause, viz, "Has given and does by these presents give, grant and convey to Mr. George W. Lackie, all the right, title and interest . . . to all those certain pieces of personal property described as follows", etc.

The learned counsel for exceptant at the argument, as he did before the hearing judge, stressed the subsequent clause of the instrument as indicating a post-

poning of the vesting of title, viz, "Should the aforesaid bonds be called for redemption before my decease then eleven other $1,000.00 bonds shall be substituted in lieu thereof". In answer to this contention the learned hearing judge said: "While this provision is consistent with an intent to make a testamentary disposition, it is equally consistent with an intention to merely postpone to a future time the enjoyment of a gift presently made." With this we agree and merely add that these words are not to be interpreted as contradicting the clear language of the express grant because it is our duty to interpret clauses of an instrument to harmonize rather than contradict each other.

The cases relied upon by exceptant's counsel are readily distinguishable in that they either by express language made clear the instruments there considered were to be effective only after death of the maker, as in Gibson's Estate, 128 Pa. Superior Ct. 44, and Coulter v. Sheldamine, 204 Pa. 120, or reserved an express power of revocation, as in Beaumont's Estate, 214 Pa. 445. More similar to the instant case is Sunday's Estate, 167 Pa. 30, where judgment notes payable "one day after date" were held to be nontestamentary.

One of the exceptions questions the ruling of the hearing judge in striking out testimony offered on behalf of Mr. Lackie to establish testamentary intent. This testimony was deemed inadmissible, and stricken from the record. We find no error in that ruling either, for we agree the language to be construed is unambiguous. Where a writing is clear and unambiguous, extrinsic evidence of testamentary intent is not admissible: McCune's Estate, 265 Pa. 523; O'Connor's Estate 273 Pa. 391; Fay's Estate, 30 D. & C. 640. But where the language of the instrument is ambiguous the rule is otherwise: Bernard's Estate, 3 Blair 66.

The question whether this instrument can be given effect as a gift inter vivos is not presently before us and we express no opinion thereon, but counsel's at-

tention is called to Allshouse's Estate, 304 Pa. 481, and Pyewell's Estate, 334 Pa. 154.

All exceptions are dismissed.