## Crawford versus Neff.

1. The statute establishes twenty-one years' adverse possession as a bar to an action for the recovery of land. Nothing short of that period is sufficient, and no more than that period is required.

2. In cases where the statute of limitations gives title to land, rules for presuming a conveyance cannot be substituted by the court.

3. As the statute of limitations does not apply to incorporeal hereditaments, the courts have applied its principles in the form of rules presuming a grant after an adverse enjoyment for twenty-one years.

ERROR.

Ejectment.

The opinion of the court was delivered February 4th, 1856, by

LEWIS, J.—The statute has established twenty-one years' adverse possession as a bar to an action for the recovery of lands. Nothing short of that period is sufficient. Nothing more than that period is required. To substitute a rule of law, by which a jury might presume a conveyance after a greater lapse of time is useless. If after a less period, it would be a repeal of the statute. It seems to follow, that in cases where the statute of limitations might apply, the rules for presuming a conveyance cannot be substituted by courts. 1 W. C. C. R. 80; 4 Pick. 245; 2 Cow. 607; 5 Pick. 27; Rand. 577; 6 Cow. 723.

As the statute does not apply to incorporeal hereditaments which are said to lie in grant, the courts have applied its principles in the form of rules for presuming a grant after an adverse enjoyment for the period prescribed by the statute in case of lands so occupied. But in these cases the analogy requires that the full period of twenty-one years' adverse enjoyment shall be shown. Nothing more is required—nothing less will be sufficient to justify the presumption. In this case, the same evidence which was deemed sufficient to defeat the bar under the statute, by showing that the possession was not adverse for the period required, was equally effective in repelling the presumption of a conveyance.

It is true, that if any circumstances exist tending to justify the belief that a conveyance had *in fact* been made, but cannot be found, the lapse of time, even short of twenty-one years' enjoyment, is a circumstance for the consideration of the jury. The existence of the circumstances will be determined by the jury; but their effect, if true, must be passed upon by the court. If they do not justify the jury in drawing the conclusion, as a matter of fact, that a conveyance had actually been made, the court ought not to submit them to the jury for that purpose. 6 Bing. 419; 17 How. U. S. Rep. 436.

In this case we have nothing but the ordinary circumstances of an adverse possession short of twenty-one years. It was error to permit the jury to presume a conveyance from such evidence.

The evidence stated in plaintiff's third bill tended to explain the character of the defendant's possession as a tenant in common with others, and ought to have been received. But, independent of it, the defendant had no defence. The court ought to have given a peremptory direction in favor of the plaintiff's right to recover.

Judgment reversed and *venire de novo* awarded.