## Brabson v. School Directors of Fulton Township

*Appel, Ranck, Levy & Appel* and *John Hill Byrne,* for petitioners.

*William B. Arnold,* for school board.

WISSLER, J., May 14, 1954.—The matter before the court is upon petition and answer filed, establishing

the facts for the legal determination of the interest of petitioners in a reversionary interest in certain real estate in Fulton Township, Lancaster County, Pa.

According to the admitted facts, the heirs of Elisha Brown, deceased, by deed dated June 9, 1882, granted and conveyed to the School Directors of the School District of Fulton Township, and their successors in office, a certain tract of land containing one half acre, more or less, situated in Fulton Township, Lancaster County, Pa., more fully described in the deed recorded in the office of the Recorder of Deeds in and for Lancaster County in deed book W, vol. 11, page 476, "to have and to hold so long as the same shall be used for school purposes".

On March 26, 1883, Slater F. Brown, one of the heirs of Elisha Brown, acquired title to the other undivided interests in the Elisha Brown farm from the other heirs of Elisha Brown. This deed expressly excluded the premises conveyed to the School District of Fulton Township by deed of June 9, 1882. The deed of March 26, 1883, from Elisha Brown's heirs to Slater F. Brown contained the following appurtenance clause:

"Together with all and singular the buildings improvements, ways, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in any way appertaining, and the reversions and remainders, rents, issues and profits thereof; and also all the estates, right, title, interest, use, trust, property, possession, claim and demand whatsoever of the said Thomas B. Brown and Mary J. L., his wife, Walter W. Brown, Thomas B. Brown, Guardian of the aforesaid minors and William Pugh, in law, equity, or otherwise howsoever, of, in, to or out of the same. To have and to hold the said messuage and tract of land, hereditaments and premises hereby granted and released, or

mentioned and intended so to be with the appurtenances, unto the said Slater F. Brown, his heirs and assigns, to and for the only proper use and behoof of the said Slater F. Brown, his heirs and assigns, forever".

It is this clause which creates the present controversy.

Slater F. Brown being seized of 109 acres and 120 perches of land in Fulton Township, which was the greater part of the tract of 209 acres and 48 perches obtained from Elisha Brown's heirs by deed dated March 26, 1883, died testate, and his executor, the Chester County Trust Company of West Chester, Pa., by deed dated April 4, 1929, granted and conveyed the same to Granville J. Brabson, one of the petitioners herein, and included in its description of the premises the land previously conveyed to the School Directors of the School District of Fulton Township, containing the appurtenance clause as follows:

*"Together* with all and singular the buildings, rights, ways, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever thereunto belonging, or in anywise appertaining and the reversions and remainders, rents, issues and profits thereof; and also all the estate, right, title, interest, use, trust, property, possession, claim and demand whatsoever, of the said Slater F. Brown, at and immediately before the time of his decease, in law, equity, or otherwise howsoever, of, in, to or out of the same; *to have and to hold* the said messuage and tract of one hundred nine (109) acres and one hundred twenty (120) perches, the hereditaments and premises hereby granted and released or mentioned and intended so to be, with the appurtenances, unto the said Granville J. Brabson, his heirs and assigns, to and for the only proper use and behoof of the said Granville J. Brabson, his heirs and assigns forever."

Granville J. Brabson by deed dated April 25, 1950, granted and conveyed to himself and to Mabel A. Brabson, his unmarried daughter, the other petitioner herein, the 109 acres and 120 perches, and another tract of 1 acre and 128 perches, which conveyance also included the land previously conveyed to the school district.

On March 24, 1952, the Board of School Directors of Fulton Township ceased using the property for school purposes, and by appropriate proceedings under the Act of July 2, 1937, P. L. 2793, acquired an absolute title in fee simple to the school lands, and sold the same for $2,500, consisting of $1,250 for the school building and $1,250 for the land, and admits it holds the sum of $1,250 received for the land and is liable to pay said sum to those entitled to the reversionary interest.

It is conceded by all parties in interest that the reversionary clause in the deed from Elisha Brown's heirs under date of June 9, 1882, to the School District of Fulton Township created a "reversionary interest". The sole question is: Did Elisha Brown's heirs, the owners of the farm, and also the owners of the reversionary interest in the school property immediately adjoining the farm, by their deed dated March 26, 1883, to Slater F. Brown (also one of Elisha Brown's heirs) convey not only the farm described by metes and bounds, which excluded the school property, but also the reversionary interest in the school property? If they did, then the reversionary interest passed to petitioners, the assigns of Slater F. Brown. If they did not, then the reversionary interest remains in all of Elisha Brown's heirs.

It is the contention of petitioners that the appurtenance clause in the deed from Elisha Brown's heirs to Slater F. Brown, namely, "Together with all and singular the buildings, improvements, ways, waters,

water-courses, rights, liberties, privileges, heredita-
ments and appurtenances whatsoever thereunto be-
longing, or in any way appertaining, and the rever-
sions and remainders, rents, issues and profits thereof;
and also all the estate, right, title, interest, use, trust,
property, possession, claim and demand whatsoever of
the said Thomas B. Brown and Mary J. L., his wife,
Walter W. Brown, Thomas B. Brown, Guardian of
the aforesaid minors and William Pugh, in law, equity,
or otherwise howsoever, of, in, to or out of the same.
To have and to hold the said messuage and tract of
land, hereditaments and premises hereby granted and
released, or mentioned and intended so to be with the
appurtenances, unto the said Slater F. Brown, his heirs
and assigns, to and for the only proper use and behoof
of the said Slater F. Brown, his heirs and assigns,
forever"; without more passed to him the reversionary
interest, and in support thereof cite the cases of
Scheetz v. Fitzwater, 5 Pa. 126, and Slegel v. Lauer
et al., 148 Pa. 236, 250. In the Scheetz case E. con-
veyed to L. a mill-dam, or pond of water, with the site
or soil of said pond, for the use and service of a mill
(on the land of L.) and for no other use whatever.
In 1812, while the pond was still used for mill-pond
purposes, E.'s heirs conveyed to one Stackert the tract
out of which the mill-pond had been granted, together
"with the reversions and remainders". In 1817 L.'s
assignee drained the pond and cultivated the reclaimed
land, with the tract on which the mill stood, as one
farm. In an action of trespass by the subsequent
owners it was held that L.'s title to the soil of the mill-
pond was a base fee, determinable on disuser as a
pond, when it reverted to the assigns of E., under a
conveyance of the reversion. While the reversions here
passed from E.'s heirs to his assigns under a general
reversionary clause in the deed, it might be pointed
out that the use of pond soil was necessary to the use
of the rest of the tract. Likewise in Slegel v. Lauer

et al., supra, it was held that a possibility of reverter is capable of transmission to the grantees, and will pass to them under a conveyance of the reversion. However, in this case the Supreme Court assumed that the deeds for the tract in question provided for the passage of the reversionary interest in the adjoining eight feet wide strip, and directed the lower court to permit the amendment of the proceedings to establish this assumption. It has been held that land may pass, in a deed, as appurtenant to land, if such appears to have been the intention of the parties: In re Lazaretto Private Road, 1 Ash. 417. It has likewise been held that land not described in a deed will not pass as appurtenant to other land unless it be found to be parcel: Crawford v. Neff, 3 Grant 175. The general appurtenance clause, as in the instant case, is relatively insignificant; as a matter of law all rights and incidents which belong to the property conveyed, and are necessary to its full enjoyment, pass as appurtenances without mention of them in the deed: Murphy v. Campbell, 4 Pa. 480; Casey v. Canning, 43 Pa. Superior Ct. 31. But only those things which are necessary to the enjoyment of the land conveyed pass without mention: things that are merely convenient do not: Messer v. Rhodes, 3 Brewster 180. This has also been held to be the law in a Kentucky case, namely, Kincaid v. McGowan et al., 4 S. W. 802, cited by counsel for certain heirs of Elisha Brown.

In the instant case the reversionary interest in the school property was separate and distinct from the farm conveyed to Slater F. Brown, and in no respect necessary to the full enjoyment of the farm, and it is not likely that it was the intention to pass this reversionary interest as appurtenant to the land conveyed without specific mention of it in the deed.

And now, May 14, 1954, for the foregoing reasons, the court holds that the reversionary interest remains in the heirs of Elisha Brown.