# Hardes, Appellant, *v.* Penn Charcoal & Chemical Company.

Argued March 25, 1954. Before ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*R. T. Mutzabaugh*, with him *Nash & Mutzabaugh*, for appellants.

*Robert B. Apple*, for appellee.

OPINION BY ROSS, J., July 13, 1954:

Appellant partners brought an action to quiet title in the Court of Common Pleas of McKean County. The complaint averred that plaintiffs were seized of and in possession of a tract of 80 acres of land situate in Warrant 4910, Corydon Township, McKean County, and describing it; that the premises were conveyed

to them by deed dated September 8, 1949, from South Penn Oil Company, a Pennsylvania corporation, which deed was recorded; that defendant, Penn Charcoal & Chemical Company, claimed an interest in and title to the premises, and praying for a decree compelling the defendant to bring its action of ejectment. Defendant's answer denied seizin and possession in plaintiffs and averred such seizin and possession in itself; that the deed from South Penn conveyed no title whatever to plaintiffs because South Penn was not the owner of the premises at the time of the execution of the deed on September 8, 1949, or any time since that date; that the premises were conveyed to it by deed of Devonian Oil Company dated March 10, 1950 and recorded, and praying dismissal of the complaint. Counsel for the parties then entered into a stipulation of agreed facts which contained, inter alia, the abstract of title. The president judge of the Court of Common Pleas, on the basis of the record as stipulated, ordered dismissal of the complaint, and plaintiffs have appealed to this Court.

Plaintiffs' claim is based on the conveyance of the land to them from South Penn Oil Company, which corporation was named grantee in a deed from Devonian Oil Company, a Pennsylvania corporation, under date of November 18, 1897 and recorded December 31, 1897. Devonian, the Pennsylvania corporation, by deed dated December 28, 1920 and recorded November 21, 1922, conveyed to Devonian Oil Corporation, a Delaware corporation, "all lands of the above named grantor in said McKean County". Devonian, the Delaware corporation, conveyed the 80 acres in question to defendant by quitclaim deed dated March 10, 1950 and recorded March 24, 1950.

Our decision depends upon our construction of the 1897 deed from Devonian, the Pennsylvania corpora-

tion, to South Penn. If thereby good title to the land passed to South Penn, it follows that plaintiffs as its grantees will prevail, since necessarily the land could not have been included in the Pennsylvania corporation's grant of all its land in the county to the Delaware corporation, defendant's grantor. Conversely, if the 80 acres were retained by the Pennsylvania corporation as grantor, title thereto became vested in the Delaware corporation by the 1920 deed, thence in defendant by virtue of the 1950 deed.

Item 4 of the 1897 deed contains a recital of a consideration of $450,000 and of chain of title, and states that the conveyance is made subject to reservation of gas and oil royalties to a named predecessor in title, her heirs and assigns. It reserves also all the timber sold to a named company by the grantor. Then follows the clause "Excepting and Reserving, however, out of the above grant, in said tract of land, [describing it] Containing 80 acres in Warrant 4910. Together with two oil wells complete and three wells . . ." Item 5 conveys "All the undivided 1/32 royalty interest in the 323 acres . . . being the same royalty interest . . . conveyed to Devonian Oil Company" [with dates of deeds and recording].

Interpretation of Item 6 is determinative of this appeal. It conveys "All of the first parties [sic] interest in and to the following described tract of land situated in Corydon Township, McKean County, Penna., in Warrant 4910, bounded and described as follows, to-wit: [Description] Containing 80 acres in Warrant 4910; said interest being one-half of all the working interest in said tract of land, subject to a 3/16 royalty, 1/8 reserved to Delia Taylor, her heirs and assigns, and 1/16 to C. H. Foster by Agreement dated October 8, 1897." The next paragraph conveys

". . . an undivided 1/128 royalty interest in the above described 80 acres . . ."

The narrow issue is whether by Item 6 conveying "all of [the grantor's] interest in and to" the 80 acres in Warrant 4910 the grantee acquired literally *all* such interest, or whether the clause "said interest being one-half of all the working interest in said tract of land" operates to derogate from the entire interest to the degree stated. (The "working interest" referred to concededly is the right, ordinarily implied in oil and gas leases, in the lessee to enter upon the leased property and produce and remove oil or gas therefrom.)

Appellants contend for a construction consonant with what, in some other jurisdictions, is considered an inflexible rule of property in the construction of deeds, viz., that the interest conveyed by a granting clause is not to be cut down by what follows in the description. They cite *Reddoch v. Williams,* 129 Miss. 706, 92 S. 831, which, quoting from the early case of *Barksdale v. Barksdale,* 92 Miss. 166, 175, 45 S. 615, sets forth the rule as follows: ". . . a good general grant will never be limited by a subsequent particular description unless it is manifest that this particular description was meant to operate as a limitation; and this intention, that it shall so operate as a limitation, must be definitely expressed in the terms used in the particular description."

While there are a few early Pennsylvania cases in our reports from which we might extract dicta on the overall subject, they are dissimilar in their factual set-up, and diligent research has disclosed no decision in this Commonwealth deciding squarely the problem at hand. We rely, therefore, on general principles of construction.

The primary object in the interpretation of any written instrument is to ascertain and effectuate the intention of the parties. *Hess v. Jones,* 335 Pa. 569, 7 A. 2d 299; *Markides v. Soffer,* 172 Pa. Superior Ct. 215, 93 A. 2d 99. It is also a cardinal rule of construction of deeds that no part shall be rejected if it can be given a meaning. *Reilly v. City Deposit Bank and Trust Co.,* 322 Pa. 577, 581, 185 A. 620; *Markides v. Soffer,* supra. In construing a deed, as in the case of a will, it is not what the parties may have intended by the language used but what is the meaning of the words. *Kimmel v. Svonavec,* 369 Pa. 292, 85 A. 2d 146. "A conveyance of all of the grantor's right, title, and interest in and to certain described property will be construed as a conveyance of all of his estate in such property, and the whole estate will vest in the grantee, unless the general words are limited by words showing intent to convey a less interest.": C.J.S. Deeds, sec. 117, page 415.

We think that in Item 6 the intent, as gleaned from the words used, was clearly to limit the interest conveyed to one-half of the working interest of the grantor. A construction in accordance with appellants' argument would require an utter disregard and rejection of the reservation of the 80 acres in Item 4, rendering it meaningless.

In arriving at this conclusion we have not overlooked appellants' restatement of the principle that where the terms of a deed are doubtful the court will adopt that construction which is most strongly in favor of the grantee and against the grantor. *Ransberry v. Brodhead's Forest and Stream Assn.,* 315 Pa. 513, 515, 174 A. 97. Clearly, however, application of this rule is limited to situations where the intent of the parties is ambiguous so that it cannot be ascertained from the four corners of the instrument. We find the lan-

guage sufficient in its clarity so as to obviate application of this rule of construction, and we agree with the statement of the learned president judge below in his able opinion that: "It is clearly the one-half working interest in the 80 acre tract which grantors intended to convey. This is in no way inconsistent with the exception and reservation of the 80 acres from the land conveyed as described in the fourth item. The fourth item excepts and reserves the land,—the sixth item conveys the working interest."

Order dismissing the complaint affirmed.