Reichard Appeal.

Argued September 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*John W. Keller,* with him *Keller & Keller,* for appellants.

*Roy S. F. Angle,* for appellee.

OPINION BY RHODES, P. J., November 14, 1958:

A petition was filed in the Court of Common Pleas of Franklin County by G. Ralph Reichard and Mildred G. Reichard, his wife, for an award of a portion of the proceeds from the sale of certain abandoned school property under the provisions of section 3 of the Act of July 2, 1937, P. L. 2793, 53 PS §1173. On the pleadings and after argument the court below concluded that the petitioners had failed to disclose any interest in the school property and dismissed the petition. The petitioners have appealed.

On September 23, 1893, Adam and Mary Ryder, husband and wife, conveyed to the School Directors of Quincy Township, Franklin County, a parcel of one hundred thirty perches out of a tract of one hundred twenty-five acres of land, reserving to themselves, their heirs and assigns, a reversionary interest in the event that the ground be abandoned for school purposes. Since 1893 the land had passed through successive public school administrations into the ownership of the Board of School Directors of the Quincy Merged School District. On February 1, 1951, the board, acting under section 2 of the Act of 1937, 53 PS §1172, acquired a fee simple title in the real estate. In August of 1955

the property was sold at public auction and conveyed to the purchasers at the highest bid of $1,550. On March 16, 1957, the petitioners filed their petition requesting the court to determine their interest, if any, in the reversion and to award them a share of the proceeds of the sale under section 3 of the Act of 1937, 53 PS §1173.

The petitioners apparently claim to own approximately ninety-nine acres and sixty perches of the original Ryder tract of one hundred twenty-five acres, which they acquired from successors in title of Adam and Mary Ryder. The balance of the original tract is owned in various parcels by numerous other individuals. The land of the petitioners does not abut on, and is not contiguous to, the school property.

A reversionary interest such as the Ryders retained is not subject to the rule against perpetuities and may be inherited, conveyed, or released. *London v. Kingsley*, 368 Pa. 109, 116, 81 A. 2d 870; *Graybill v. Manheim Central School District*, 175 Pa. Superior Ct. 415, 419, 106 A. 2d 629.

The petitioners claim as assignees of the successors in title of Adam and Mary Ryder. It appears that Mary Ryder, who acquired the one hundred twenty-five acre tract in March of 1893, died, intestate, seized of the one hundred twenty-five acre tract less the school lot and several other small parcels totaling approximately twenty-one acres. On March 18, 1902, the heirs of Mary Ryder conveyed eighty-nine acres and one hundred fifteen perches, more or less, to Susan Frey. On April 13, 1913, Susan Frey conveyed that property together with other lands to Harry P. Spangler. On January 17, 1925, Harry P. Spangler made a conveyance to himself and his wife through a straw transaction. Harry P. Spangler died on December 25, 1944, and on March 31, 1952, his widow, Jennie Spang-

ler, conveyed, inter alia, the same property to the petitioners.

Neither the deed conveying the premises to petitioners nor the deeds of any of their predecessors in title specifically mention any reversionary interest in the school lot. However, petitioners contend that the reversionary interest passed to them through the chain of title. They argue that when Mary Ryder died her interest in the reversion passed to her heirs; that the heirs conveyed a portion of the reversionary interest by the appurtenance clause of the deed conveying the tract of eighty-nine acres and one hundred fifteen perches, more or less, to Susan Frey; and that Susan Frey, Harry P. Spangler, and Jennie Spangler each, in turn, conveyed the reversionary interest by their respective deeds by reason of section 2 of the Act of April 1, 1909, P. L. 91, as amended by the Act of April 30, 1925, P. L. 404, 21 PS §3.

It would appear that when Mary Ryder died intestate the reversionary interest which she had in the school lot passed to her heirs. We are unable to agree with petitioners, however, that the deed from the heirs of Mary Ryder to Susan Frey and the subsequent deeds transferred that reversionary interest through the title to petitioners. The deed from the heirs of Mary Ryder to Susan Frey conveyed eighty-nine acres and one hundred fifteen perches of the original one hundred and twenty-five acre tract. The appurtenance clause in the deed provided: "Together with all and singular the tenements, hereditaments and appurtenances to the same belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, property, claim and demand whatsoever, both in law and equity, of the said parties of the first part, of, in, to or out of the said

premises and every part and parcel thereof." The appurtenance clause in the deed of the eighty-nine acre tract did not have the effect of transferring any of the reversionary interest in the school lot. The purpose of such a clause was to transfer to Susan Frey all the interests which the heirs had in the eighty-nine acre tract in order to make her title to that parcel a complete one. The reversionary interest in the school lot was a property interest separate and distinct from the land conveyed to Susan Frey; it was not a reversionary interest related to or connected with that conveyance. The only reversions transferred by the appurtenance clause were those "of, in, to or out of the said premises" or any part or parcel thereof. The language clearly is restricted to reversionary interests pertaining to the parcel conveyed by the deed and no others. " 'A conveyance of all of the grantor's right, title, and interest in and to certain described property will be construed as a conveyance of all of his estate *in such property, . . .* '" (Italics supplied.) *Hardes v. Penn Charcoal and Chemical Company,* 175 Pa. Superior Ct. 431, 436, 107 A. 2d 176, 178. See *Brabson v. School Directors of Fulton Township,* 88 Pa. D. & C. 577, 580. Since the reversionary interest in the school lot did not pass to Susan Frey by the deed from the heirs of Mary Ryder, it would be unnecessary to determine whether it subsequently passed through the chain of title to the petitioners. We shall, however, briefly refer to the contentions of petitioners in this respect.

The deed from Susan Frey to Harry P. Spangler, the deed from Harry P. Spangler through the straw party to himself and his wife as tenants by the entireties, and the deed from the widow, Jennie Spangler, to petitioners were statutory form deeds in accordance with the Act of 1909, 21 PS §1. Petitioners contend that section 2 of the Act of 1909, as amended, 21 PS

§3, would have the effect of transferring the reversionary interest in the school lot from Susan Frey through the Spanglers to petitioners. Section 2 of the Act of 1909, as amended, 21 PS §3, provides: "All deeds or instruments in writing for conveying or releasing land hereafter executed, granting or conveying lands, unless an exception or reservation be made therein, shall be construed to include all the estate, right, title, interest, property, claim, and demand whatsoever, of the grantor or grantors, in law, equity, or otherwise howsoever, of, in, and to the same, and every part thereof, together with all and singular the improvements, ways, waters, watercourses, rights, liberties, privileges, hereditaments, and appurtenances whatsoever thereto belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof." This provision of the law, as the clause in the deed from the heirs of Mary Ryder to Susan Frey, has the effect only of transferring a complete title to the premises involved in the deed to the grantees. The language of the statute referring to reversions "thereof" can mean nothing more than that the reversionary interests transferred are those arising out of the same piece of land conveyed by the deed in question.

We think it follows that the reversionary interest in the school lot was not a part of the property conveyed by the deed from the heirs of Mary Ryder to Susan Frey and the deeds subsequent thereto.

Two cases strongly relied upon by petitioners are not applicable. In *London v. Kingsley,* supra, 368 Pa. 109, 113-116, 81 A. 2d 870, a clause similar to that appearing in the deed from the heirs of Mary Ryder to Susan Frey was held to convey a reversionary interest which the grantor had retained in the same property which he conveyed to the grantees; the reversion-

ary interest was not, as in this case, an interest in a separate estate or parcel of land. The same is true of *Lacy v. Montgomery*, 181 Pa. Superior Ct. 640, 646, 124 A. 2d 492, in which a deed was held to convey the grantor's reversionary interest in a portion of the same property conveyed to the grantees; the description in the deed there included the property in which the grantor had a reversionary interest.

We recognize that the primary object in the interpretation of any written instrument is to ascertain and effectuate the intention of the parties. *Hess v. Jones*, 335 Pa. 569, 572, 7 A. 2d 299. It is also true that in construing a deed it is the plain meaning of the words that controls, and not what the parties may have intended by the language used. *Hardes v. Penn Charcoal and Chemical Company*, supra, 175 Pa. Superior Ct. 431, 436, 107 A. 2d 176. The language in the deed from the heirs of Mary Ryder to Susan Frey could only mean that the tract of eighty-nine acres and one hundred fifteen perches and all of the grantors' interest in that land were conveyed.

The order of the court below is affirmed.