364 A.2d 423

Albert H. WADE and Mary A. Wade, his
wife, Arvard M. Brown and Patricia
D. Brown, his wife

v.

J. Earl HEISEY and Helen E. Heisey,
his wife, Appellants,

v.

HAROLD J. LIGHT, INC.

Superior Court of Pennsylvania.
Sept. 27, 1976.

Spitler, Rowe & Kilgore, Robert C. Rowe, Lebanon, for appellants.

David J. Brightbill, Lebanon, for appellee Harold J. Light, Inc.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On July 18, 1973, plaintiffs Wade and Brown filed a complaint in equity seeking injunctive relief and damages from appellants as a result of an alleged discharge of sewage onto plaintiffs' property from appellants' mobile home park. On September 14, 1973, appellants filed

**10** 

a complaint against additional defendant-appellee, alleging *inter alia* that appellee had negligently designed the drain field on appellants' property. On October 19, 1973, appellee filed an answer to appellants' complaint which denied liability and set forth new matter. Appellants filed a reply to the new matter on April 4, 1974.[1] Discovery was had during the next year, and on May 5, 1975, appellee filed motions for summary judgment and judgment on the pleadings. On June 27, 1975, the motion for judgment on the pleadings was granted and judgment was entered in favor of appellee. Appellants appeal from that order.

 In passing on a motion for judgment on the pleadings, the court may consider only the pleadings themselves and any documents properly attached to the pleadings. *Keil v. Good,* 467 Pa. 317, 356 A.2d 768 (1976); *Hammermill Paper Co. v. Rust Engineering Co.,* 430 Pa. 365, 243 A.2d 389 (1968). All of the well pleaded allegations of the party opposing the motion must be accepted as true, while only those facts specifically admitted by the party opposing the motion may be considered against him. *Keil v. Good, supra.* A judgment on the pleadings should not be granted unless the moving party's right to prevail is "so clear that 'a trial would clearly be a fruitless exercise.' *Bata v. Central-Penn National Bank,* 423 Pa. 373, 378, 224 A.2d 174, 178 (1966), cert. denied 386 U.S. 1007, 87 S.Ct. 1348, 18 L. Ed.2d 433 (1967). *See also Goldman v. McShain,* 432 Pa. 61, 247 A.2d 455 (1968)." *Keil v. Good, supra* at 319, 356 A.2d at 769. A trial would not be fruitless where an unresolved issue of material fact exists. See *Boulton v. Starck,* 369 Pa. 45, 85 A.2d 17 (1951).

Applying these principles to the present case, we hold that the judgment on the pleadings was improperly

1. On April 16, 1974, appellee filed preliminary objections to the reply on the ground that it was not properly verified as required by Pa.R.C.P. 1024, but they were withdrawn on April 30.

granted, and we reverse the order of the lower court and remand for further proceedings.

Appellants' complaint and reply establish the following facts. In May of 1969, appellants employed appellee, a professional engineering corporation, to design a drain field and an on-site sewage disposal system for appellants' mobile home park. Appellants orally requested that appellee design a system that would dispose of 6,500 gallons of sewage a day. The plan that appellee submitted on May 12, 1969, is attached to appellants' complaint. On its face are printed the words, "Total Flow 6,500 G. P.D." Appellants subsequently constructed the drain field in accordance with appellee's plan. In January of 1971, sewage emanated from the surface of the drain field and allegedly flowed onto plaintiffs' land. Appellants allege that this occurred because appellee's plan was inadequate, and that since they relied on the plan it is not they but appellee who is liable to plaintiffs.

In its answer to appellants' complaint, appellee denies that appellants requested that the system be designed to accommodate 6,500 gallons a day. Rather, appellee alleges, appellant requested a design that would be sufficient to comply with the regulations of the Pennsylvania Department of Health and to qualify for a permit under the Pennsylvania Sewage Facilities Act.[2] The Department of Health regulations would require only a capacity of 3,625 gallons a day for a mobile home park of this size. Appellee further alleges, and appellants admit, that the Department of Health approved appellee's plan on July 11, 1969.

A trial of this case would not be a "fruitless exercise" since issues of material fact are left unresolved by the pleadings. Whether appellants requested a 6,500 gallon capacity system or one that merely complied with

2. Act of Jan. 24, 1966, P.L. (1965) 1535, § 1 *et seq.*, 35 P.S. 750.1 *et seq.*

state regulations is significant. If appellants requested the latter, appellee would be relieved of liability since the Department of Health determined that the plan did comply with those regulations. If appellants requested the former, Department of Health approval alone would not relieve appellee of responsibility. If the parties agreed to a design with higher standards than required by the state, a further factual determination would have to be made: Did appellee's plan fall short of the agreed standards, or was appellants' implementation of the plan faulty? These questions, and perhaps others, must be resolved through further proceedings.[3]

Reversed and remanded.

---

**3.** Because of our disposition of this case, we need not address the issue of whether the motion for judgment on the pleadings was timely filed.