Borough of McSherrystown v. County of Adams

2

*G. Steven McKonly*, for plaintiff.
*John R. White*, for defendant.

SHUGHART, *P.J.*, June 2, 1980—The County of Adams (county) through its Commissioners entered into a lease with the Borough of McSherrystown (borough) for space to be used as the office of Magisterial District no. 51-3-02. The two-year lease was originally executed on November 21, 1975, and was extended for two years, expiring on December 31, 1979. The terms of the lease provided that the lease could be terminated if " . . . the present Magisterial Districts are abolished. . . . " Plaintiff's Exhibit A. On January 30, 1979, the county notified the borough of the termination of the lease effective February 28, 1979, due to the abolition of District no. 51-3-02 by order of the Pennsylvania Supreme Court of December 27, 1978.

The borough has brought this suit to recover the balance of rent and cost of utilities due for the remainder of the lease, $2,316. The pleadings have been closed, stipulations have been filed, and the matter is now before us on a motion for judgment on the pleadings filed by the county.

Judgment on the pleadings is appropriate if there is a controlling question of law ready for decision, Goodrich-Amram 2d § 1034(a):1; but it is not appropriate if there is an issue of fact: Miami National Bank v. Wilson, 410 Pa. 505, 190 A. 2d 438 (1963). Judgment should be entered only if the case is so clear that a trial would be a fruitless exercise: Wade v. Heisey, 243 Pa. Super. 8, 364 A. 2d 423 (1976). All of the non-moving party's well-pleaded allegations are viewed as true: Bata v. Central-Penn National Bank, 423 Pa. 373, 224 A. 2d 174 (1966).

However, inferences erroneously drawn and conclusions of law are not admitted: London v. Kingsley, 368 Pa. 109, 81 A. 2d 870 (1951). Only the pleadings and properly attached documents are to be considered in applying the above standards: Wade v. Heisey, 243 Pa. Super. 8, 364 A. 2d 423 (1976). In a proper case judgment may be entered for the non-moving party: Shumaker v. Lear, 235 Pa. Super. 509, 345 A. 2d 249 (1975).

The present minor judiciary system was created by the 1968 Amendment to the Pennsylvania Constitution, Const. art. V, and by the Judicial Code of July 9, 1976, as amended, 42 Pa.C.S.A. § 101 et seq. The constitution contains the initial provisions for magisterial districts:

(a) In any judicial district, other than the City of Philadelphia, where a community court has not been established or where one has been discontinued there shall be one justice of the peace in each magisterial district. The jurisdiction of the justice of the peace shall be as provided by law.

(b) The General Assembly shall by law establish classes of magisterial districts solely on the basis of population and population density and shall fix the salaries to be paid justices of the peace in each class. *The number and boundaries of magisterial districts of each class within each judicial district shall be established by the Supreme Court or by the court of common pleas under the direction of the Supreme Court as required for the efficient administration of justice within each magisterial district.* Const. art. V, §7 (Emphasis added.)

The Constitutional provisions are implemented by the Judicial Code which provides in relevant part:

(a)  General rule—In each year following that in which the Federal decennial census is officially reported as required by Federal law *the court* shall reestablish the number, boundaries and classes of magisterial districts within each judicial district except:

(1)  The first judicial district.

(2)  Any judicial district where a community court has been established and not discontinued.

*The number, boundaries and classes of magisterial districts within each judicial district may be revised from time to time as required for the efficient administration of justice within each magisterial district.* . . . 42 Pa.C.S.A. §1503(a) (Emphasis added.)

For the purposes of establishing the number and boundaries of magisterial districts "the court" is defined as the "Supreme Court or the Court of Common Pleas of each judicial district under the direction of the Supreme Court." 42 Pa.C.S.A. §1501.

Prior to December 27, 1978, the magisterial districts of the county were as designated by a January 10, 1969, order of the Court of Common Pleas of the 51st Judicial District which provided for the following alignment:

Districts of the Third Class: (All in Adams County)

District no. 3-1: Cumberland and Butler Townships and the Boroughs of Gettysburg and Biglerville.

District no. 3-2: Union, Germany, Conewago and Oxford Townships and the Boroughs of Littlestown, McSherrystown and New Oxford.

District no. 3-3: Berwick, Hamilton, Tyrone, Reading, Latimore and Huntington Townships and

the Boroughs of Abbottstown, East Berlin and York Springs.

District no. 3-4: Highland, Hamiltonban, Liberty and Freedom Townships and the Borough of Fairfield.

District no. 3-5: Franklin and Menallen Townships and the Boroughs of Arendtsville and Bendersville.

District no. 3-6: Mt. Joy, Straban and Mt. Pleasant Townships and the Borough of Bonneauville.

The McSherrystown office leased to the county served District no. 3-2 composed of Union, Germany, Conewago and Oxford Townships and the Boroughs of Littlestown, McSherrystown and New Oxford. It was incumbent upon the county to provide space for the office of the district justice as currently provided in §1514 of the Judicial Code which substantially reenacted the existing law at the time the lease was executed:

The governing body of the county shall establish an office or offices for each district justice at such locations within the county as may be approved by the president judge of the court of common pleas of the judicial district in compliance with general rules. 42 Pa.C.S.A. §1514.

The magisterial district alignment discussed above was changed by the Pennsylvania Supreme Court by order of December 27, 1978, which provided in part:

IT IS HEREBY ORDERED that magisterial district no. 51-3-02 be eliminated, and the geographical area contained therein be included in magisterial districts no. 51-3-03 and no.51-3-06. IT IS FURTHER ORDERED that the magisterial districts of Adams County be realigned and recertified, as follows:

6

*Magisterial District*

No. 51-3-01: Gettysburg Borough, Cumberland Twp., Straban Twp. and Mt. Joy Twp.

No. 51-3-03: York Springs Borough, East Berlin Borough, Abbottstown Borough, New Oxford Borough, Huntington Twp., Latimore Twp., Tyrone Twp., Reading Twp., Hamilton Twp., Berwick Twp. and Oxford Twp.

No. 51-3-04: Fairfield Borough, Carroll Valley Borough, Arendtsville Borough, Biglerville Borough, Bendersville Borough, Liberty Twp., Freedom Twp., Hamiltonban Twp., Highland Twp., Franklin Twp., Menallen Twp. and Butler Twp.

No. 51-3-06: McSherrystown Borough, Littlestown Borough, Bonneauville Borough, Conewago Twp., Union Twp., Germany Twp. and Mt. Pleasant Twp. Defendant's Exhibit A.

The McSherrystown Office is now within District no. 51-3-06 composed of Conewago, Union, Germany and Mt. Pleasant Townships and the Boroughs of McSherrystown, Littlestown and Bonneauville.[1]

The narrow question of law presented is whether there was an abolition of magisterial districts of Adams County which would trigger the termination clause in the lease agreement so that the county's termination of the lease on February 28, 1979, was justifiable. Both parties rely on the termination clause in the lease which provided that the agreement: may be terminated at any time after

---

1. The Supreme Court referred to the magisterial districts as no. 51-3-01 et seq. in the order of December 27, 1978, whereas the court of common pleas had referred to the districts as no. 3-1 et seq. in its earlier order.

one (1) year by county if a community court is established for the county, *or the present Magisterial Districts are abolished,* all by legal process. Plaintiff's Exhibit A (Emphasis added).

The county argues that the magisterial districts were abolished, and the borough contends that the districts were not abolished. Although the county was obligated to provide office space for District no. 51-3-02, 42 Pa.C.S.A. §1514, only the Supreme Court or the court of common pleas acting under its direction had the "authority and power to consolidate, merge, or realign magisterial districts" within the county: Collins v. Gessler, 452 Pa. 471, 478, 307 A. 2d 892, 898 (1973). That power was exercised by the Supreme Court on December 27, 1978, when it eliminated District no. 51-3-02 and realigned the magisterial districts of the county. Careful examination of the realignment order and comparison of the realignment with the previous alignment indicates not only that District no. 51-3-02 was eliminated but also that no district retained its prior composition after the order of December 27, 1978. The newly aligned districts comprise different geographic areas within the county. Although four previously used numerical designations remain, no. 51-3-01, no. 51-3-03, no. 51-3-04 and no. 51-3-06, these designations are to newly aligned areas and not to the prior compositions. As such the prior magisterial districts' compositions have ceased to exist as identifiable entities and, therefore, have been abolished. See Collins v. Gessler, supra. That the numerical designations remain is not supportive of the contention that the districts remain because it is surely the geographic area and not the designation which is controlling.

The county commissioners had the authority to enter into the lease to furnish office space for Dis-

trict no. 51-3-02. They did not have the authority to enter into a contract, the terms of which would bind the county in violation of an order of the Supreme Court as to magisterial districts over which the Supreme Court and not the county has authority.

The result in this case would have been the same even if there had been no reservation of the right to cancel the contract. As a creature of the sovereign, the county had no power in the absence of a specific mandate: In Re Incorporation of Borough of Valley-Hi, 33 Pa. Commw. 180, 381 A. 2d 204 (1977). In entering into the contract with the borough to furnish office space for the magisterial district, the county acted pursuant to the specific mandate of the legislature in effect at the time which became a part of the contract: Schenley Farms Co. v. Allegheny County, 349 Pa. 637, 37 A. 2d 554 (1944). At the time of the execution and renewal of the lease the law provided in §1306 of the Magisterial Districts Act of December 2, 1968, P.L. 352, 42 Pa.C.S.A. §1301 et seq.,[2] that the president judge was to approve the location of a magisterial district office in compliance with the Supreme Court standards and rules and that the president judge and the county commissioners were to approve reasonable costs and expenses for the office to be paid by the county. As part of the contract, the requisite approval of the president judge based upon Supreme Court direction was eliminated by the Supreme Court order of December 27, 1978.

----

2. 42 P.S. §1301 et seq. was repealed by the Judiciary Act Repealer Act of April 28, 1978, P.L. 202, 42 P.S. §20001 et seq., and substantially reenacted as 42 Pa.C.S.A. §1514.

## ORDER

And now, June 2, 1980, after careful consideration we find in favor of defendant, County of Adams, and against plaintiff, Borough of McSherrystown.