434 A.2d 187

**Joseph D. NEVLING and Francis Elensky, Administrators d/b/n/c/t/a of the Estate of Abraham Nevling, Deceased, Appellants,**

**v.**

**Joanne C. NATOLI, Jack Carns and James Carns, Devisees of Edgar Nevling and Margaret Nevling Carns.**

Superior Court of Pennsylvania.

Submitted April 30, 1981.

Filed Aug. 28, 1981.

Carl A. Belin, Jr., Clearfield, for appellants.

James K. Nevling, Clearfield, for appellees.

Before CERCONE, President Judge, and BROSKY and HOFFMAN, JJ.

BROSKY, Judge:

Appellants commenced this action to quiet title against appellees claiming ownership of rights to coal located below the surface of a certain tract of land located in Clearfield County.

Appellees claim title to both the surface and underlying coal rights by inheritance from one who received his title by deed.

Appellants argue that the deed conveyed an interest only in the land surface and allege that the lower court erred in its decision to grant appellees' motion for judgment on the pleadings. Specifically, appellants contest the lower court's conclusion that the deed clearly conveyed to appellees' predecessor in title, interests in both the surface and the coal. Appellants also contend that the lower court erred in holding that they could not be found to have adversely possessed the subject property. We agree with appellants' contentions and reverse the order.

In reviewing the order of the lower court, we are guided by the following principles. To grant a motion for judgment on the pleadings, the court must be confronted with a very clear case; if there is any issue of fact which is unresolved, the motion should not be granted. *Coal Operators Casualty Co. v. Charles T. Easterley and Co., Inc.*, 440 Pa. 218, 221, 269 A.2d 671, 672 (1970). See also *Eckborg v. Hyde-Murphy Co.*, 442 Pa. 283, 276 A.2d 513 (1971). A judgment on the pleadings should not be granted unless the moving party's right to prevail is "so clear that 'a trial would clearly be a fruitless exercise' ..." *Wade v. Heisey*, 243 Pa.Super. 8, 364 A.2d 423 (1976) (citing cases). All of the well pleaded allegations of the party opposing the motion must be accepted as true, while only those facts specifically admitted by the party opposing the motion may be considered against him. *Wade v. Heisey*, supra.

The pleadings filed in the present case reveal the following facts.[1] Appellants and appellees are heirs of

1. We note additionally that in passing on a motion for judgment on the pleadings, the court may consider only the pleadings themselves and any documents properly attached to the pleadings. *Wade v. Heisey*, supra. The "exhibits" discussed and included in appellants' supplemental brief were not attached to the pleadings and will not be considered by us. Furthermore, evidence not introduced in the trial court cannot be submitted on appeal. *Temple University v. Zoning Board of Adjustment of Cheltenhen Township*, 414 Pa. 191, 199 A.2d

Abraham Nevling who, until his death on July 2, 1904, was the owner of the subject premises which was comprised of 159 acres and 121 perches of coal and approximately 105 acres of surface overlying the coal. The remaining 54 acres of surface had earlier been sold to one of his daughters.

In his holographic will, Mr. Nevling made separate devises of the surface and coal interests. His will provided in pertinent part:

ARTICLE FOURTH: I direct that in case I do not dispose of the coal under the old homestead farm or what is known as the Lionell place during my lifetime, then and in such case I direct that the coal be sold or leased by my executor to the best advantage and the proceeds divided equally among the above mentioned heirs herein mentioned.

\* \* \*

ARTICLE SIXTH: I direct that all the residue or remainder of my land being the surface only after deducting the 54 acres deeded to my daughter, Jane Merifield, be sold to the best advantage by my executor and the proceeds of such sale be distributed among my ten heirs already mentioned.

L. Z. Nevling, named executor in Abraham Nevling's will, served in that capacity until his death in 1928. Neither the coal nor surface rights were sold during L. Z. Nevling's tenure as executor. Following his death, Letters of Administration d.b.n.c.t.a. were granted to Clayton Nevling who made the conveyance in question to Edgar Nevling by deed of March 12, 1943.

The deed to Edgar Nevling conveyed the following property.

BEGINNING at a post corner of Samuel K. Hegarty's survey in the line of James H. Hegarty; thence by lands of James H. Hegarty, South one and a half (1½) degrees West seventy-seven (77) perches to a post where an old hickory formerly stood; thence by lands of Lionel Weld

415 (1964), *Platt v. City of Philadelphia*, 183 Pa.Super. 486, 133 A.2d 860 (1957).

and Aaron Weld, North eighty-eight and a half (88½) degrees West two hundred and thirty-one (231) perches to an old dogwood corner burnt down; thence by lands commonly called Broadhead surveys, North one and a half (1½) degrees East, one hundred and sixty-two (162) to a hemlock; thence by lands lately belonging to John Spangle, South eighty-eight and a half (88½) degrees East one hundred and sixteen (116) perches to a post of said John Spangle's survey; thence by lands surveyed for Samuel K. Hegarty South one and a half (1½) degrees West eighty (80) perches to a dead hemlock; thence by same South eighty-eight and a half (88½) degrees East one hundred and twelve (112) perches to the place of beginning and containing one hundred and fifty-nine (159) acres and one hundred and twenty-one (121) perches and usual allowance. Being part of a larger tract of land surveyed under Warrant to John Funk.

EXCEPTING AND RESERVING THEREFROM, HOWEVER, all that certain tract or parcel of land conveyed by Abraham Nevling on September 12, 1894, by deed recorded in Deed Book 120, page 137, to Jane Marefield, otherwise known as Jane Merrifield, who by deed dated April 22, 1929, recorded in Deed Book 291, page 263, conveyed to Nellie Nevling such premises being described as follows:

. . .

Upon Edgar Nevling's death on November 2, his title to the premises descended by his will to his sister, Margaret Nevling Carns. Upon her death on January 5, 1970, title descended to her three children, Joanne C. Natoli, Jack Carns and James Carns, the present appellees.

On April 9, 1979, appellants commenced this action to quiet title averring that the coal underlying the above described street was not conveyed by the 1942 deed to Edgar Nevling and seeking to have title declared to rest in them as administrators d.b.n.c.t.a. of the Estate of Abraham Nevling. Appellants cite that portion of the deed wherein title is recited as support for their position. That portion of the deed states:

The present conveyance comprises one hundred and five (105) acres, more or less, out of the said one hundred and fifty-nine (159) acre tract which the Executors and Trustees of Hardman Philips conveyed to Abraham Nevling, by deed dated May 30, 1864, recorded in Deed Book "AA", page 647 and the said Abraham Nevling being so thereof seized, died testate on the 2nd day of 1904 and by his Will dated the 19th day of September, 1901, remaining of record in Clearfield, in Will Book "M" page 46, devised the coal hereunder to his Executor for the purpose of lease or sale for the benefit of all the heirs and empowered his Executor, L. Z. Nevling, to sell the surface.

Appellants claim that this section of the deed indicated that only the surface was to be conveyed. The lower court dismissed that argument saying that a recital in a deed cannot diminish a grant contained elsewhere in the instrument. After finding appellants' claim to ownership by adverse possession to be deficient, the court granted appellees' motion.

We cannot agree that it is clear and free from doubt that the deed to Edgar Nevling conveyed both surface and coal interests.

Appellees' answer to appellants' complaint includes an averment that the quoted recital "is a mistaken and improper interpretation of the will of Abraham Nevling . . . and incorrectly interpreted the will of Abraham Nevling to sell only the surface of the land. . . ." Appellees' own pleading admits that the quoted portion of the deed could be interpreted as an indication that its draftsman believed that the grantor could convey only surface rights. We need not and will not determine whether the quoted clause actually had that meaning. What is important to the case before us is that it could have such significance. If that were the meaning of the section, how could the deed be seen as a grant of the coal rights also? After all, our primary object [in construing the terms of a deed] is to ascertain and effectuate the intention of the parties. *In Re Conveyance of Land Belonging to City of DuBois*, 461 Pa. 161, 335 A.2d

352 (1975). If the quoted language has the meaning ascribed to it by both parties, then the deed from the grantor contains an expression of a limitation of his power.

■ A deed is to be interpreted in light of the conditions existing when it was executed. *The entirety of the language is to be considered. In Re Conveyance of Land Belonging to City of DuBois*, supra (emphasis added). In *Hardes v. Penn Charcoal & Chemical Co.*, 175 Pa.Super. 431, 107 A.2d 176 (1954), this court refused to accept the "inflexible" rule of property that the interest conveyed by a granting clause is not be cut down by what follows in the description. We based our rejection of such a rule in part on our belief that such a construction would require an utter disregard of the terms of a reservation of certain acreage which was found in a paragraph containing inter alia, a recital of consideration and chain of title. The court wrote, "It is also a cardinal rule of construction of deed that no part shall be rejected if it can be given a meaning." Id., 175 Pa.Super. at 436, 107 A.2d at 178.

Considering the language of the entire deed in the present case, it cannot be said that it is clear and free from doubt that the deed conveyed both surface and coal rights. A trial to determine what was conveyed to Edgar Nevling would not be a fruitless gesture.

We come next and finally to appellants' claim that, if the deed is found to have conveyed all rights in the land to appellees, appellants nonetheless are entitled to a trial to prove their claim of ownership by adverse possession.

The lower court granted the motion for judgment on the pleadings as to this claim because it believed that appellants had not adequately pleaded adverse possession. The court stated that for purposes of this case, all parties are co-tenants and therefore appellants must plead and prove ouster as well as the other requisites of adverse possession in order to prevail. No averment of ouster was made by appellants in their pleadings.

It is true that one co-tenant cannot claim adverse possession against another co-tenant unless there is an ouster of the latter. *Conneaut Lake Park, Inc. v. Klingensmith,* 362 Pa. 592, 66 A.2d 828 (1949). However, if the lower court finds on remand, as it did before, that appellees received title to the coal rights through the deed, then appellants are no longer co-tenants. In that event, proof of hostile, adverse, open, visible, notorious and continuous possession for a period of at least 21 years would vest adverse possession in appellants. See *Smith v. Peterman,* 263 Pa.Super. 155, 397 A.2d 793 (1978).

Although appellants' complaint did not use the above quoted language, it was understood by all parties and the lower court to contain an averment of adverse possession.

Therefore, if appellees received title to the coal rights, trial on appellants' claim to title by adverse possession would not be a fruitless gesture.

The order is reversed and the case is remanded to the lower court for trial.