## Law v. Frink

*Gino L. Andreuzzi,* for plaintiff.
*James F. Geddes, Jr.,* for defendants.

DALESSANDRO, *J.,* April 25, 1985—

### NATURE OF PROCEEDINGS

This matter is before the court on defendants' motions to strike and for judgment on the pleadings.

### HISTORY AND FACTS

On April 11, 1983, plaintiff filed a complaint against defendants William E. Frink, Sr. and his wife Ida M. Frink. The complaint alleges that plaintiff entered into a contract with defendant William E. Frink, Sr., whereby plaintiff was to be the exclusive selling agent for real estate and improvements known as Lot 61, White Haven Poconos, Pa., and owned by Mr. Frink. The contract provided that in

the event of a sale of the property, Mr. Frink was to pay to plaintiff a commission of 6 percent of the sales price. This agreement was entered into on October 10, 1975 and was to last for a term of six months. Plaintiff contends that he, as selling agent, attracted a buyer for the property; however, plaintiff asserts that Mr. and Mrs. Frink arranged for the actual sale to take place after the expiration of the listing agreement, thus unlawfully denying plaintiff his 6 percent commission on the sale. Plaintiff alleges that the deed which transferred the property to the buyer was dated May 17, 1976 and recorded June 1, 1976. Plaintiff seeks damages of $2,200, 6 percent of the $37,000 sales price.

On May 9, 1983, defendants filed preliminary objections; on November 30, 1983, this court entered an order denying defendants' preliminary objections and directing defendants to plead over.

Defendants subsequently filed an answer and new matter on January 26, 1984. In their answer, defendants denied that plaintiff procured the buyer of the relevant property; to the contrary, defendants asserted that they, themselves, attracted the buyer; defendants also asserted that they did not make arrangements with the buyer whereby the sale would be concluded after the expiration of the listing agreement with plaintiff. Under new matter, defendants alleged that plaintiff's cause of action was barred by the statute of limitations in that plaintiff commenced his action on April 11, 1983, six years and 10 months after June 1, 1976, the date on which the deed was recorded. Plaintiff replied to defendants' new matter by asserting that his action was delayed by defendants concealing their whereabouts.

On February 4, 1985, defendants moved to strike plaintiff's reply to new matter. Defendants also

made a motion for judgment on the pleadings, asserting that the statute of limitations bars plaintiff's action. These motions are presently before us for disposition.

### DISCUSSION AND LAW

Initially, defendants moved to strike plaintiff's reply to new matter for impertinence and failure to conform to the formal requirements of pleading. Pa.R.C.P. 126 grants this court the power to "disregard any error or defect of procedure which does not affect the substantial rights of the parties." A careful consideration of the pertinent pleading indicates that plaintiff's reply may not comply with formal requirements; however, these defects do not substantially affect the rights of the parties and will be disregarded by this court.

Next, plaintiff moves for judgment on the pleadings on the basis that the plaintiff's claims are barred by the Pennsylvania Statute of Limitations, 42 Pa.C.S. §5527. According to the Superior Court, we must heed the following principles of law:

"To grant a motion for judgment on the pleadings, the court must be confronted with a very clear case; if there is any issue of fact which is unresolved, the motion should not be granted. A judgment on the pleadings should not be granted unless the moving party's right to prevail is "so clear that 'a trial would clearly be a fruitless exercise' . . ." All of the well pleaded allegations of the party opposing the motion must be accepted as true, while only those facts specifically admitted by the party opposing the motion may be considered against him." (Quotations and ellipsis in original; citations omitted.) Nevling v. Natoli, 290 Pa. Super. 174, 434 A.2d 187, 188 (1981). We believe that defendants have met this heavy burden.

Generally, a statute of limitations does not begin to run until the accrual of the cause of action. Myers v. USAA Cas. Ins. Co., 298 Pa. Super. 366, 444 A.2d 1217 (1982). Specifically, "[a]t common law, the statute of limitations in an action for breach of contract does not begin to run until the occurrence of the breach." Myers at 373, 444 A.2d at 1221. In the case at hand, the breach occurred when the deed was executed by defendants and delivered to the buyers, Frank and Ethel DeLeo. The deed was recorded June 1, 1976; this is the earliest possible date that plaintiff could have known of the breach. The present plaintiff did not bring his cause of action until April 11, 1983, approximately six years and 10 months after his cause of action accrued. This action is beyond the six-year limitation period set by 42 Pa.C.S. §5527 (2) for contracts founded upon a writing.

Plaintiff attempts to save his cause of action by asserting that defendants have waived the benefit of the statute of limitations, asserting that the defendants concealed their whereabouts to elude service, thus delaying the action. This argument lacks merit in light of the fact that methods exist to serve defendants who conceal their whereabouts. In pertinent part, Pa.R.C.P. 2079 provides:

"(d) If a resident defendant has obstructed or prevented service of process by concealing his whereabouts or otherwise, the plaintiff shall have the right of service in such manner as the court by special order shall direct upon an affidavit stating the nature and extent of the investigation which the plaintiff has caused to be made to determine the defendant's whereabouts and the efforts made to effectuate service."

This rule provides a vehicle by which defendants who conceal their whereabouts can be served; addi-

tionally, it prevents the present plaintiff from arguing that the defendants' actions in the case at hand excuses his delay in bringing suit. Although Pa.R.C.P. 2079 became effective in June of 1979, there existed prior to Pa.R.C.P. 2079 rules by which defendants who conceal their whereabouts could be served. See Lewis v. Ozone Waste Sales Corp., 52 D.&C. 2d 358 (1971). In essence, plaintiff has had methods at his disposal to serve the defendants since the time his cause of action accrued. Because these methods have been available to the plaintiff, he cannot now argue that defendants' actions in concealing their whereabouts justified delay in bringing suit.

. Finally, plaintiff argues that defendants' motion for judgment on the pleadings shall be dismissed because it is tardy. Indeed, Pa.R.C.P. 1034(a) dictates that a motion for judgment on the pleadings must be made "within such time as not to delay the trial." Although defendants' motion was not made until approximately 11 months after the pleadings were closed and after the matter had been scheduled for arbitration, dismissing defendants' motion for tardiness would thwart the interests of justice. In Yerger v. Brandt, 58 D.&C. 2d 275 (1972), a motion for judgment on the pleadings was not dismissed even though it was not made until after a board of arbitrators had rendered a decision in the matter. The court in Yerger, citing Pa.R.C.P. 126, reasoned that a tardy motion for judgment on the pleadings should not be dismissed where to do so would result in further futile expenses. In the case at hand, plaintiff's cause of action is clearly barred by the relevant statute of limitations; dismissing defendants' motion for tardiness would only result in further futile litigation and expense. Accordingly, defendants' motion for judgment on the pleadings is

granted; we need not consider defendants' motion to strike.

### ORDER

It is hereby ordered as follows:

(1) Defendants' motion for judgment on the pleadings is granted;

(2) Judgment is entered in favor of defendants and against plaintiff.