**Slagel v. Enck**

*John W. Metzger,* for plaintiff.
*Christina L. Hauser,* for defendant.

MUELLER, *P.J.,* October 30, 1985—Presently before the court is the motion for judgment on the pleadings filed by plaintiff Helen A. Slagel.

On May 5, 1967, plaintiff confessed judgment against defendant James J. Enck upon a judgment note dated May 11, 1964 in the amount of $13,850. This judgment is indexed in the Prothonotary's Office of the Lancaster County Court of Common Pleas to Judgment Docket 67, no. 1496. On June 25, 1985, plaintiff filed a writ of revival of this judgment. Defendant filed an answer and new matter on July 10, 1985 admitting that plaintiff confessed judgment in the amount of $13,850, but asserting that this action to revive and continue the lien of this judgment is barred by the applicable statute of limitations.

Plaintiff filed this motion for judgment on the pleadings on July 25, 1985. Briefs having been filed by both parties, this matter is ready for disposition.

A motion for judgment on the pleadings may be granted only when the case is so free from doubt that a trial would clearly be a fruitless exercise. Nevling v. Natoli, 290 Pa. Super. 174, 434 A.2d 187 (1981). The court can only consider the pleadings themselves and any documents properly attached to them. Id. Once one of the parties has moved for judgment on the pleadings, the court may enter judgment in favor of either plaintiff or defendant. Shoup v. Shoup, 469 Pa. 165, 364 A.2d 1319 (1976).

Defendant asserts that the writ of revival filed by plaintiff is barred by the five-year period of limitations in section 5526(1) of the Judicial Code, 42 Pa. C.S. §5526. Section 5526(1) provides: "The following actions and proceedings must be commenced within five years: (1) An action for revival of a judgment lien on real property." Plaintiff contends that an action to revive a judgment lien entered and indexed over five years ago falls within the ambit of the savings clause of section 20003(b) of the Judiciary Act Repealer Act (JARA), 42 P.S. §20003, thus continuing the practice of permitting the revival of judgment liens after the expiration of five years and rendering the statute of limitations no bar to the revival. In support of this position, plaintiff relies upon Truver v. Hasker, 20 D. & C. 3d 769 (1981) and Mercer County State Bank v. Troy, 27 D. & C. 3d 751 (1983).

In Truver, supra, a judgment was entered against defendants on April 29, 1975, and more than five years later, on October 31, 1980, a writ to revive and continue the lien of judgment was filed. Defendants, citing the five-year period of limitations in

§5526 of the Judicial Code, demurred to the writ of revival. The Carbon County Court of Common Pleas held that the Judgment Lien Law, 12 P.S. §877 et seq., which formerly permitted revivals after the end of the five-year period, continues to be the law in Pennsylvania. Effective June 27, 1980, the Judgment Lien Law was repealed by JARA, 42 P.S. §20002(a) [1257], insofar as it was inconsistent with general rules prescribed under the Judicial Code. The court decided that this repeal was not absolute because of the savings clause in section 20003(b) of JARA which provides that, if no general rules are in effect on the date of repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect as part of the common law until general rules are promulgated. The court concluded that the only effect of revival after the expiration of five years from the entry and indexing of the judgment of record is a loss of priority of the lien or a complete loss of the lien as against property conveyed to innocent purchasers for value.

The Court of Common Pleas of Mercer County adopted the reasoning of the Truver opinion in a later decision when it held that a writ of revival may be properly filed even though more than five years had passed since the filing of the original judgment note. Mercer County State Bank, supra.

Defendant argues that the Truver analysis is faulty and should not be followed. Defendant urges us instead to follow the ruling in Dauphin Deposit Bank and Trust v. Verhovshek, 18 D. & C. 3d 108 (1980).

In Dauphin Deposit Bank, supra, the Cumberland County Court of Common Pleas recognized the continued vitality of parts of the repealed Judgment Lien Law, but applied §5526 of the Judicial Code as the applicable statute of limitations. The court be-

gan by examining the repealed Judgment Lien Law to determine when the cause of action for revival of a judgment lien accrues to ascertain when the five year period in §5526 begins to run. The court concluded that the cause of action accrues on the expiration date of the judgment lien, which, being undefined in the Judicial Code, was held to be five years from the date of entry of judgment as set forth in section 2 of the repealed Judgment Lien Law, 12 P.S. §878. "Thus, from the date of expiration of the original judgment lien, the party seeking revival has five years within which to file a writ of revival or the lien created by this judgment is forever lost." 18 D. & C. 3d at 109.

We are persuaded by the reasoning in Dauphin Deposit Bank, supra, because it reconciles both the repealed Judgment Lien Law and the current statute of limitations as set forth in §5526 of the Judicial Code. The courts in Truver, supra, and Mercer County State Bank, supra, did not address the issue of whether a writ of revival filed more than five years after the expiration of the judgment lien is barred by the statute of limitations. We conclude that a writ of revival may be filed more than five years after the entry of judgment, but hold that §5526 of the Judicial Code requires a writ of revival to be filed within five years of the expiration of the judgment lien.

Applying this holding to the facts before us, we conclude that plaintiff's writ of revival filed on June 25, 1985 is barred by the statute of limitations. Plaintiff confessed judgment against defendant on May 5, 1967. Plaintiff's cause of action for revival accordingly accrued on May 5, 1972 when the original judgment lien expired. Pursuant to §5526 of the Judicial Code, plaintiff had five years from May 5,

1972, or until May 5, 1977, to file a writ of revival and thus the present writ is barred.

## ORDER

And now, October 30, 1985, the motion by plaintiff for judgment on the pleadings is denied. The court instead directs that the prothonotary enter judgment in favor of defendant James L. Enck and against Plaintiff Helen A. Slagel on plaintiff's writ of revival.