**Spencer v. Lake Lehman School District**

*Clement E. Kisailus,* for plaintiff.
*Timothy G. Lenahan,* for defendant.

DALESSANDRO, *J.,* April 18, 1986—

## NATURE OF PROCEEDINGS

This matter is before the court on defendant's motion for judgment on the pleadings.

## HISTORY AND FACTS

Filed on June 5, 1985, the complaint alleges that plaintiff, while enrolled as a student in the Lake Lehman School District, severely and permanently injured his right index finger while attending shop class, in which he was provided with and used an "X-Acto" knife to carve certain objects as part of his instructional program. It is averred that the laceration of plaintiff's finger was the result of accidental handling of the knive between plaintiff and another student. Plaintiff charges that his injury was the direct result of a failure on the part of Lake Lehman School District (defendant) to properly and adequately supervise and instruct its students in the use of knives used during the shop class.

Defendant filed its answer and new matter on February 6, 1986; plaintiff's reply was filed on February 18, 1986. On March 3, 1986, defendant filed a

motion for judgment on the pleadings.[1] This matter is presently before us for disposition.

## DISCUSSION AND LAW

In considering a motion for judgment on the pleadings, a court must heed the following principles:

"To grant a motion for judgment on the pleadings, the court must be confronted with a very clear case; if there is any issue of fact which is unresolved the motion should not be granted. A judgment on the pleadings should not be granted unless the moving party's right to prevail is 'so clear that 'a trial would clearly be a fruitless exercise' . . .' All of the well-pleaded allegations of the party opposing the motion must be accepted as true, while only those facts specifically admitted by the party opposing the motion may be considered against him." (Citations omitted.) Nevling v. Natoli, 290 Pa. Super. 174, 177, 434 A.2d 187, 188 (1981). In passing on a motion for judgment on the pleadings, a court may consider only the pleadings themselves and any documents properly attached to the pleadings. See Nevling, supra, citing Wade v. Heisey, 243 Pa. Super. 8, 364 A.2d 423 (1976).

Defendant moves for judgment on the pleadings arguing that plaintiff has no cause of action against defendant because, as a school district, defendant is immune from liability pursuant to the Political Subdivision Tort Claims Act (act), particularly at 42 Pa.C.S. §8541; furthermore, defendant contends

---

1. Although defendant's motion appears as a motion for summary judgment on the pleadings, in the nature of a demurrer, we have recharacterized it as a motion for judgment on the pleadings.

that plaintiff's claim does not fall within any exception to governmental immunity, as set forth in the act at 42 Pa.C.S. §8542(b) (1-8).

In support of its motion, defendant relies on the case of Robson v. Penn Hills Sch. Dist., 63 Pa. Commw. 250, 437 A.2d 1273 (1981), wherein that plaintiff was injured when he was struck in the eye by a pencil thrown by a classmate. The exception for liability argued by defendant in Robson was subsection (b) (3) of the statute,[2] which dealt with the care, custody and control of real property in the possession of the political subdivision. Ultimately, Robson held that the supervision of school children, or lack thereof, does not fall within the scope of care, custody and control of real property; the court found no exception to governmental immunity based on subsection (b) (3) and granted the motion for summary judgment.

Initially, in rebuttal, plaintiff argues in his brief that his theory of negligence clearly falls within the exception of 42 Pa.C.S. §8542(b) (3) because "[his] theory is not negligent supervision but negligence in allowing a dangerously instrumentality [sic]; namely, a knife, to be used by students during their shop class thus creating a danger on real property in the care, custody or control of defendant." Our review of the complaint reveals an allegation of *negligence* on the part of defendant, such that defendant failed to properly and adequately *supervise and instruct* the students in the use of knives and other dangerous instrumentalilties in shop class. See complaint, paragraph 9. It becomes obvious that the facts of the instant case are not sufficiently distinguishable from those of Robson; clearly, defendant is the beneficiary of the immunity provided by the

---

2. Section 8542 was formerly 53 P.S. §5311.202.

act. See generally Auerbach v. Council Rock Sch. D., 74 Pa. Commw. 507, 459 A.2d 1376 (1983), and Close v. Voorhees, 67 Pa. Commw. 205, 446 A.2d 728 (1982).

Plaintiff also argues that 42 Pa.C.S. §8542(b)(2), which is concerned with the care, custody or control of personal property, is applicable and removes defendant's bar of immunity; plaintiff's reply to new matter, at paragraph five, avers that "the knife in question was not owned by defendant school district." In its entirety, subsection (b)(2) provides:

"(b) Acts which may impose liability. — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . .

"(2) *Care, custody or control of personal property.* — The care, custody or control of personal property of others in the possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are those *property losses suffered* with respect to the personal property in the possession or control of the local agency." (Emphasis added.) Insofar as plaintiff's complaint is a claim for personal injury only, we fail to see the relevance and application of subsection 8542(b)(2) to the present case.

Finally plaintiff's brief argues that defendant's motion must be denied because plaintiff was injured while involved in a proprietary, rather than a governmental, activity. No definitive case law on this point is provided by plaintiff, and our research finds this argument to also be without merit.

After consideration of the pleadings and all justified inferences therefrom in a light most favorable to plaintiff as the nonmoving party, it is apparent that defendant's right to prevail is so clear that a tri-

al would be a fruitless exercise. Accordingly, defendant's motion is granted. An appropriate order will be entered.

## ORDER

Now, this April 18, 1986, it is hereby ordered as follows:

(1) Defendant's motion for judgment on the pleadings is granted;

(2) Judgment is entered in favor of defendant, and against plaintiff.